1   MICHELLE B. HEVERLY, Bar No. 178660
    BLAIRE A. CLEVELAND, Bar No. 255172
2   LITTLER MENDELSON
    A Professional Corporation
3   50 W. San Fernando, 15th Floor
    San Jose, CA 95113.2303
4   Telephone:    408.998.4150
    Fax No.:      408.288.5686
5   mheverly@littler.com
    bcleveland@littler.com
6

7   Attorneys for Defendant
    INFOSYS TECHNOLOGIES, LTD., MAHESH
8   PRAKASH KINHIKAR AND PRASITA KUTTY

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                     C10-00783
12
    PROMILA AWASTHI,                    Case No.  RG09486022
13
                    Plaintiff,
14                                      NOTICE OF REMOVAL BY
         v.                             DEFENDANTS INFOSYS
15                                      TECHNOLOGIES, LTD., MAHESH
    INFOSYS TECHNOLOGIES, LTD., a       PRAKASH KINHIKAR AND PRASITA
16  foreign corporation; MAHESH PRAKASH KUTTY PURSUANT TO 28 U.S.C. §§ 1332,
    KINHIKAR; ANMOL SRIVASTAVA;         1441, AND 1446 (DIVERSITY)
17  PRASITA KUTTY; and DOES 1-20,
                                        First Amended Complaint Filed:  Dec. 24, 2009
18                  Defendants.

19

20

21

22

23

24

25

26

27

28

Firmwide:94096553.1 060893.1007

NOTICE OF REMOVAL

1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2          PLEASE TAKE NOTICE that Defendants Infosys Technologies, Ltd., Mahesh Prakash
3   Kinhikar, and Prasita Kutty ("Defendants") hereby remove the above-entitled action, Case No.
4   RG09486022, from the Superior Court of the State of California, County of Alameda, to the United
5   States District Court for the Northern District of California.

6          This notice is based on U.S.C. sections 1332, 1441, and 1446.

7          Defendants make the following allegations in support of their Notice of Removal:

8   **I.      GENERAL INFORMATION**

9          1.      On November, 2009, an action entitled *Awasthi v. Infosys Technologies, Ltd., et al.,*
10  was filed in the Superior Court of the State of California, County of Alameda, Case No. RG0986022
11  (hereinafter the "Complaint"). In the Complaint, Plaintiff asserted five causes of action: (1) National
12  Origin/Ancestry, Gender, Age, and Religious Discrimination in violation of the California Fair
13  Employment and Housing Act; (2) Failure to Pay Overtime; (3) Constructive Discharge; (4)
14  Intentional Discrimination of Emotional Distress; and (5) Breach of the Implied Covenant of Good
15  Faith and Fair Dealing. A true and correct copy of the Summons and Complaint from the Superior
16  Court of the State of California, County of Alameda is attached hereto as **Exhibit A**.

17         2.      On December 24, 2009, before any Defendants had appeared in the matter, Plaintiff
18  filed her First Amended Complaint. Plaintiff's First Amended Complaint added a Defendant, Prasita
19  Kutty, and added a cause of action. In the First Amended Complaint, Plaintiff asserts six causes of
20  action: (1) National Origin/Ancestry, Gender, Age, and Religious Discrimination in violation of the
21  California Fair Employment and Housing Act; (2) Failure to Pay Overtime; (3) Constructive
22  Discharge; (4) Intentional Discrimination of Emotional Distress; (5) Breach of the Implied Covenant
23  of Good Faith and Fair Dealing; and (6) a claim for Waiting Time Penalties under the California
24  Labor Code. A true and correct copy of the Summons and Complaint from the Superior Court of the
25  State of California, County of Alameda is attached hereto as **Exhibit B**.

26         3.      Defendant Infosys Technologies, Ltd was served with the First Amended Complaint on
27  January 8, 2010, via personal service.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:94096553.1 060893.1007                2.

1  4.  Defendant Mahesh Prakash Kinhikar was served with the First Amended Complaint on

2 January 8, 2010, via personal service.

3  5.  Defendant Prasita Kutty was served with the First Amended Complaint on January 5,

4 2010, via personal service.

5  6.  Defendant Anmol Srivastava has not been served with the First Amended Complaint.

6  7.  Defendants Infosys Technologies, Limited, Mahesh Prakash Kinhikar and Prasita

7 Kutty filed a General Denial and Affirmative Defenses to Plaintiff's First Amended Complaint with

8 the Alameda County Superior Court on February 19, 2010. A copy of Defendants' General Denial

9 and Affirmative Defenses is attached hereto as **Exhibit C.** This document, together with Exhibits A

10 and B, represents the entire state court file in this matter.

11  8.  Pursuant to 28 U.S.C. section 1446(b), this Notice to Federal Court of Removal of

12 Civil Action is timely in that it is filed within thirty days of February 11, 2010, the date Defendants

13 became aware that the action was removable. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,

14 526 U.S. 344 (1999); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); McAnally Enterprises,

15 Inc. v. McAnally, 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000).

16  9.  Intradistrict Assignment. All civil actions arising in the counties of Alameda, Contra

17 Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo, or Sonoma

18 shall be assigned to the San Francisco Division or the Oakland Division. See L.R. 3-2(e). Plaintiff

19 filed this case in Alameda County, thus assignment in either the San Francisco or Oakland Division

20 is appropriate.

21 **II. DIVERSITY JURISDICTION EXISTS**

22  10.  This Court has original jurisdiction over this lawsuit under 28 U.S.C. § 1332 and this

23 diversity action may be removed to this Court under 18 U.S.C. §§ 1441 and 1446. "Any civil action

24 brought in a State court which the district courts of the United States have original jurisdiction, may

25 be removed by the defendant or the defendants, to the district court of the place where such action is

26 pending." 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions

27 where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

28 and is between citizens of different States (or countries). 28 U.S.C. § 1332(a)(2).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando. 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:94096553.1 060893.1007  3.

NOTICE OF REMOVAL

## A. Action Between Citizens of Different States

11. Plaintiff alleges that Plaintiff Promila Awasthi was at the time of commencing this action, and still is, a citizen of the United States. (First Amended Complaint, "FAC," ¶1.)

12. When establishing citizenship for diversity purposes, the citizenship, not domicile, of a natural person is controlling. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090; *Coury v. Prot* (5th Cir. 1996) 85 F.3d 244, 249-250.

13. Defendant Mahesh Prakash Kinhikar is a citizen of India.

14. Defendant Anmol Srivastava is a citizen of India.

15. Defendant Prasita Kutty is a citizen of India.

16. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). Courts generally use one of two tests to determine where a corporation has its principal place of business. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001); Breitman v. May Co. California, 37 F.3d 562, 564 (9th Cir. 1994). The "place of operations" test "locates a corporation's principal place of business in the state which 'contains a substantial predominance of corporate operations.'" Tosco Corp., 236 F.3d at 500 (*citation omitted*); *see also* Brietman, 37 F.3d at 564. The "nerve center" test "locates a corporation's principal place of business in the state where the majority of its executive and administrative functions take place." Tosco Corp., 236 F.3d at 500; *see also* Brietman, 37 F.3d at 564. Notably, the "nerve center" test is used when no state contains a substantial predominance of the corporation's business activities. Id.

17. At the time this action was commenced in state court, Defendant Infosys was, and still is, a corporation organized under the laws of the country of India and maintaining its principal place of business in the country of India. Thus, for purposes of determining diversity jurisdiction, Defendant Infosys is not a citizen of the United States. 28 U.S.C. § 1332 (c)(1).

a. The country of India comprises the majority of Defendant Infosys' executive and administrative functions. Infosys employees and customers are located in several states throughout the United States and countries other than the United States, without a substantial predominance of employees and customers in the United States. Infosys' revenue originates from several states

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:94096553.1 060893.1007                                    4.

NOTICE OF REMOVAL

1 throughout the United States and countries other than the United States, without a substantially
2 predominant amount of revenue from the United States. Infosys is a corporation created under the
3 laws of a foreign state and therefore is deemed a citizen or subject of the foreign state. *See* JP
4 Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88, 92, 122 S. Ct. 2054,
5 2057 (2002) (corporation chartered in British territory subject to foreign state for purposes of
6 alienage diversity jurisdiction); Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20
7 F.3d 987, 990 (9th Cir. 1994).

8      b.   Under the "nerve center" test, Infosys' principal place of business would be in
9 India, since the company has operations in many states and countries, and the United States does not
10 contain a substantial predominance of the corporation's activities. Indeed, even under the "place of
11 operations" test, India would remain Infosys' principal place of business, given that there is a
12 plurality of employees in states and countries other than the United States. As such, Defendant
13 Infosys Technologies, Ltd. is not a citizen of the State where this action was brought, and thus
14 complete diversity exists between Plaintiff and Defendants. 28 U.S.C. § 1441(b).

15     18.   Defendants designated as Does 1-20 are fictitious defendants, are not parties to this
16 action, have not been named or served, and are to be disregarded for the purpose of this removal. 28
17 U.S.C. § 1441(a); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The Doe
18 defendants, therefore, need not consent to this removal.

19     19.   Defendant Anmol Srivastava has not yet been served, and therefore may be
20 disregarded for purposes of this removal. Should Defendant Anmol Srivastava be properly served in
21 this action, he shall have an additional 30 days to join this removal notice. *McKinney v. Board of*
22 *Trustees of Maryland Comm. College* (4th Cir. 1992) 955 F.2d 924, 927. Defendant Anmol
23 Srivastava, therefore, need not consent to this removal.

24     20.   This civil action, therefore, has complete diversity as it is an action between citizens of
25 different States since Plaintiff is a citizen of the United States, and Defendants are citizens of India.

26 **B. Amount In Controversy**

27     21.   The amount in controversy in this case exceeds $75,000, excluding interest and costs.
28 A defendant can establish the amount in controversy by the allegations in a complaint, or by setting

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150
Firmwide:94096553.1 060893.1007     5.
NOTICE OF REMOVAL

1    forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than

2    not" exceeds $75,000.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996);

3    Guas v. Miles, Inc., 980 F. 2d 564, 576 (9th Cir. 1992).  The District Court may consider whether it

4    is facially apparent from the Complaint that the jurisdictional amount is met.  Singer v. State Farm

5    Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); Conrad Assoc. v. Hartford Accident &

6    Indemnity Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

7        22.    As evidenced by Plaintiff's prayer for relief, Plaintiff seeks to recover damages of at

8    least $21,384. (FAC ¶33)  In addition, on February 1, 2010, Plaintiff served a Statement of Damages

9    indicating that she had suffered pain, suffering, and inconvenience; emotional distress; medical

10   expenses; lost earnings; and waiting time penalties, in addition to the $21,384 in overtime damages.

11   A true and correct copy of the Statement of Damages is attached hereto as **Exhibit D.**

12       23.    On February 11, 2010, Plaintiff agreed to stipulate that she claims damages

13   *significantly in excess of $75,000.*  A true and correct copy of an email from Stephen Tidwick, dated

14   February 11, 2010, is attached hereto **as Exhibit E.**  As such, the amount in controversy for

15   Plaintiff's claims easily meets the $75,000 jurisdiction requirement, and removing Defendants were

16   aware of this amount as of February 11, 2009.

17   **III.    CONCLUSION**

18       WHEREFORE, Defendants Infosys Technologies, Ltd., Mahesh Prakash Kinhikar, and

19   Prasita Kutty remove the action now pending against it in the Superior Court of the State of

20   California, County of Alameda, to this Honorable Court, and request that this Court retain

21   jurisdiction for all further proceedings.

22   Dated: February 24, 2010

23

24                                MICHELLE B. HEVERLY
                                  BLAIRE A. CLEVELAND
25                                LITTLER MENDELSON
                                  A Professional Corporation
26                                Attorneys for Defendant
                                  INFOSYS TECHNOLOGIES, LTD.,
27                                MAHESH PRAKASH KINHIKAR, AND
                                  PRASITA KUTTY
28

Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INFOSYS TECHNOLOGIES LIMITED, a foreign corporation;
MAHESH PRAKASH KINHIKAR; ANMOL SRIVASTAVA;
and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Promila Awasthi

**FILED BY FAX**
ALAMEDA COUNTY

November 23, 2009

CLERK OF
THE SUPERIOR COURT
By Denise Dalton, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es:)* | **RG09486022** |
| Superior Court of the State of California, County of Alameda | |
| René C. Davidson Alameda County Courthouse | |
| 1225 Fallon St., Oakland, CA, 94612 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven G. Tidrick, Esq., The Tidrick Law Firm
6114 La Salle Avenue #500, Oakland, California 94611, (510) 381-3832

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* Denise A Dalton | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

American LegalNet, Inc.
www.USCourtForms.com

FILED BY FAX
ALAMEDA COUNTY

1   STEVEN G. TIDRICK, SBN 224760
    THE TIDRICK LAW FIRM
2   6114 La Salle Avenue #500            November 23, 2009
    Oakland, California 94611            CLERK OF
3   Telephone: (510) 381-3832            THE SUPERIOR COURT
    Facsimile:  (510) 291-3226           By Denise Dalton, Deputy
4   E-mail:    sgt@tidricklaw.com        CASE NUMBER:
                                         RG09486022
5   Attorney for Plaintiff
    PROMILA AWASTHI
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10                       UNLIMITED JURISDICTION

11

12  PROMILA AWASTHI,                      Civil Case Number: _____

13              Plaintiff,                COMPLAINT FOR:

14      v.                                (1) HARASSMENT IN VIOLATION
                                              OF FEHA;
15  INFOSYS TECHNOLOGIES LIMITED,         (2) FAILURE TO PAY OVERTIME;
    a foreign corporation; MAHESH PRAKASH (3) CONSTRUCTIVE DISCHARGE IN
16  KINHIKAR; ANMOL SRIVASTAVA;               VIOLATION OF FEHA;
    and DOES 1-20,                        (4) INTENTIONAL INFLICTION OF
17                                            EMOTIONAL DISTRESS;
                Defendants.               (5) BREACH OF IMPLIED
18                                            COVENANT OF GOOD FAITH
                                              AND FAIR DEALING
19
                                          JURY TRIAL DEMANDED
20

21      Plaintiff asserts this Complaint against Defendants and alleges as follows:

22                          NATURE OF THE ACTION

23      1.    As detailed in this Complaint, Promila Awasthi ("Plaintiff"), a United States

24  citizen originally from India and of Indian ancestry, age 48, was employed at the Fremont,

25  California office of Defendant Infosys Technologies Limited ("Infosys"), a foreign

26  corporation headquartered in Bangalore, India, with about 105,000 employees worldwide.

27  She performed computer work for Infosys consisting of data warehousing tasks. In addition

28  to working regular daytime hours, she was regularly on call for several hours at night to

                                          1
                                      COMPLAINT

1   answer phone calls from India, even past midnight, as well as on weekends, but was not paid

2   overtime as required by California law. While working at Infosys, she was routinely harassed

3   by Infosys management, nationals of India, on the basis of her being an American of Indian

4   ancestry and national origin, and on the basis of her age and gender. Infosys management

5   routinely disparaged Americans, including Plaintiff, as not having "family values," and stated

6   that layoffs in America are good because the jobs will be outsourced. Infosys management

7   ridiculed Plaintiff for celebrating the American holiday of Thanksgiving, telling her that she

8   should not celebrate Thanksgiving because she is Indian, and that therefore she must work on

9   Thanksgiving Day. Infosys management also ridiculed Plaintiff for celebrating Christmas,

10  saying that "we" do not celebrate Christmas, and that she should not celebrate Christmas.

11  Infosys management also ridiculed Plaintiff's children for celebrating Thanksgiving, and

12  called them "ABCD," short for "American-Born Confused Desi," and "IBCD," short for

13  "Indian-Born Confused Desi," insulting terms used to criticize people of Indian ancestry who

14  are Americanized. Infosys management repeatedly discussed the quality of Plaintiff's work

15  by explicitly commenting on their expectations for "a woman your age." The working

16  conditions were so intolerable that Plaintiff was eventually forced to quit. Plaintiff sues

17  Infosys under the California Fair Employment and Housing Act, California Government Code

18  §§ 12900 *et seq.* ("FEHA"), the California Labor Code, and the common law, seeking

19  monetary damages, including punitive damages, and attorneys fees and costs.

20                                          **THE PARTIES**

21      2.      Plaintiff Promila Awasthi ("Plaintiff") is an individual and a resident of the

22  County of Santa Clara, State of California.

23      3.      Defendant Infosys Technologies Limited is, and at all times mentioned was, a

24  foreign corporation having a place of business in Alameda County, California, at 6607 Kaiser

25  Drive, Fremont. Headquartered in Bangalore, India (a city known as the "Silicon Valley of

26  India"), Infosys describes itself as a company that "delivers technology-enabled business

27  solutions that help Global 2000 companies win in a Flat World." Infosys advertises itself as a

28  "global leader in the 'next generation' of IT and consulting." Infosys touts that it "pioneered

                                              2

1    the Global Delivery Model" that was a "force in the industry leading to the rise of offshore

2    outsourcing." Infosys advertises its services with the slogan: "Get Flat World business

3    secrets from a flat world company." Infosys has over 50 offices worldwide.

4        4.       Defendant Mahesh Prakash Kinhikar is, and at all relevant times mentioned

5    herein was, an adult person and, on information and belief, a resident of Contra Costa County,

6    California.

7        5.       Defendant Anmol Srivastava is, and at all relevant times mentioned herein was,

8    an adult person and, on information and belief, a resident of Alameda County, California.

9        6.       The true names and capacities, whether individual, corporate, associate or

10    otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiff at

11    this time and therefore said Defendants are sued by such fictitious names. Plaintiff will

12    amend this Complaint to show their true names and capacities when ascertained. Plaintiff is

13    informed and believes and thereon alleges that each Defendant designated herein as a DOE

14    defendant is legally responsible in some manner for the events and happenings herein alleged

15    and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

16        7.       Plaintiff is informed and believes and thereon alleges that each of the

17    Defendants was acting as the agent, employee, partner, or servant of each of the remaining

18    Defendants and was acting within the course and scope of that relationship, and gave consent

19    to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

20                           **JURISDICTION**

21        8.       The Court has personal jurisdiction over Defendants pursuant to California

22    Code of Civil Procedure § 410.10 because they are residents of California, are doing business

23    in the State of California, have committed acts or omissions in California with respect to one

24    or more causes of action arising from these acts or omissions, and/or have caused effects in

25    California with respect to one or more causes of action arising from these effects.

26        9.       Venue is proper in this county in accordance with Section 12965(b) of the

27    California Government Code because this is an action brought under FEHA and this is the

28    county in which the unlawful practices are alleged to have been committed.

10.     Venue is also proper in this county in accordance with Section 395(a) of the California Code of Civil Procedure because at least one defendant resides in this county.

### FACTS COMMON TO ALL CAUSES OF ACTION

11.     On February 25, 2008, Plaintiff began working for Infosys in the purported role of "Consultant – Enterprise Solutions," pursuant to a written employment contract.

12.     From February 25, 2008 until November 11, 2008, Plaintiff worked for the Fremont, California office of Infosys, an office in which the vast majority of employees are nationals of India or individuals of Indian ancestry/national origin.

13.     Plaintiff's work at Infosys consisted of computer work, specifically, data warehousing tasks, and answering telephone calls from India regarding such tasks.

14.     In addition to working regular daytime hours, Plaintiff was regularly on call for several hours at night to answer phone calls from India, even past midnight as well as on weekends, but was not paid overtime as required by California law.

15.     While working for Infosys in California, Plaintiff suffered ongoing harassment and differential, discriminatory treatment on the basis of her being an American of Indian national origin/ancestry, and on the basis of her gender (female), her age (over 40), and her religion (Hinduism and Christianity), by Infosys supervisors and agents, including Defendant Mahesh Prakash Kinhikar and Defendant Anmol Srivastava.  For example:

   a.  Infosys management routinely disparaged Americans, including Plaintiff, by making statements such as the following:

         i.   Americans have no "values."

         ii.  Americans do not have "family values."

         iii. Layoffs in America are good because the jobs will be outsourced.

   b.  Infosys management ridiculed Plaintiff for celebrating Thanksgiving, telling her that she should not celebrate Thanksgiving because she is Indian, and that therefore she must work on Thanksgiving Day.

   c.  After learning that Plaintiff's children have traditionally eaten turkey at Thanksgiving, Infosys management ridiculed Plaintiff's children and called

4

them "ABCD," an acronym for "American-Born Confused Desi," an insulting

term used to criticize people of Indian ancestry who are Americanized.

    d.  After learning the Plaintiff's children were born in India, Infosys management

continued to ridicule Plaintiff's children and called them "IBCD," short for

"Indian-Born Confused Desi."

    e.  Infosys management also ridiculed Plaintiff for celebrating Christmas, saying

that Christmas is not important, that "we" do not celebrate Christmas, that she

should not celebrate Christmas, and that therefore she must work on Christmas

Day.

    f.  Infosys management repeatedly discussed the quality of Plaintiff's work by

explicitly commenting on their expectations for "a woman your age."

16.    The ongoing harassment that Plaintiff experienced at Infosys was so severe that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body with emotional harm, anxiety, and inability to sleep well, affecting her ability to perform certain tasks, including searching for new employment. As a result, Plaintiff sought and received medical treatment, including psychotherapy for the first time in her life, which has continued.

17.    On November 11, 2008, Plaintiff was constructively discharged from her employment at Infosys, as set forth in more detail below.

18.    On August 12, 2009, and within one year of the dates of harassment as herein alleged, Plaintiff filed charges of harassment, constructive discharge, and failure to prevent harassment/discrimination, with the California Department of Fair Employment and Housing ("DFEH") against Infosys. A copy of these charges is appended hereto as Exhibit A and is incorporated by this reference as though fully set forth herein.

19.    On August 17, 2009, the DFEH issued to Plaintiff notice of right to bring a civil action based on the charges that Plaintiff filed with DFEH. A copy of this notice is appended hereto as Exhibit B and is incorporated by this reference as though fully set forth herein.

5

1 | ## UNCONSIONABLE ARBITRATION CLAUSE

2      20.    Infosys has purported to prevent Plaintiff from pursuing her claims in this

3 Court by imposing upon Plaintiff a requirement that her disputes with Infosys be submitted

4 for binding arbitration. This purported requirement is procedurally unconscionable. It was

5 imposed on Plaintiff as a condition of her employment at Infosys with no opportunity to

6 negotiate, as part of a "US Joining Kit" that, on information and belief, Infosys imposed on all

7 of its employees in the United States. It is also substantively unconscionable. It is one-sided,

8 purporting to allow Infosys to go to court and seek injunctive relief on certain claims against

9 its employees, and to recover attorneys fees and costs on such claims, while barring the

10 employee from access to court on the employee's claims against Infosys. Therefore,

11 Infosys's purported requirement to arbitrate is unconscionable and unenforceable. *See, e.g.,*

12 *Davis v. O'Melveny & Myers,* 485 F.3d 1066, 1084 (9th Cir. Cal. 2007); *Dunham v. Envtl.*

13 *Chem. Corp.,* 2006 U.S. Dist. LEXIS 61068 (N.D. Cal. Aug. 16, 2006); *Abramson v. Juniper*

14 *Networks,* 115 Cal. App. 4th 638, 665 (2004); *Fitz v. NCR Corporation,* 118 Cal. App. 4th

15 702, 723 (2004); *Armendariz v. Foundation Health Psychcare Services, Inc.,* 24 Cal.4th 83,

16 113 (2000); *Kinney v. United Healthcare Services, Inc.,* 70 Cal. App. 4th 1322, 1332 (1999);

17 *Stirlen v. Supercuts,* 51 Cal. App. 4th 1519, 1540-1541 (1997).

18

19 ### COUNT 1:  HARASSMENT IN VIOLATION OF FEHA<br>(Against All Defendants)

20      21.    Plaintiff realleges and incorporates by reference each and every allegation

21 contained in each of the above paragraphs as if fully set forth herein.

22      22.    Defendants' actions against Plaintiff, as alleged above, constituted unlawful

23 harassment in employment on the basis of national origin/ancestry, gender, age, and religion,

24 in violation of FEHA, Government Code § 12940(j).

25      23.    Defendant Infosys and its agents and supervisors, including Defendant Mahesh

26 Prakash Kinhikar and Defendant Anmol Srivastava, engaged in the actions alleged herein with

27 the intent of harassing Plaintiff on account of her national origin/ancestry, gender, age, and

28 religion.

24.     Defendant Infosys and its supervisors and agents, including Defendant Mahesh Prakash Kinhikar and Defendant Anmol Srivastava, knew or should have known of these harassing actions because they either committed them, personally witnessed them, or were informed of them.  Despite actual and constructive knowledge of the above-mentioned harassment by Defendant Infosys and its supervisors and agents, Defendant Infosys and its supervisors and agents failed to take immediate and appropriate corrective action to stop the harassment.

25.     As a further proximate result of Defendants' harassment of Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body with emotional harm, anxiety, and inability to sleep well.  As a result of such harassment and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

26.     As a further direct and proximate result of Defendants' conduct, Plaintiff was forced to resign and thereafter unable to work for a period of time, or in the technology sector, and accordingly, lost wages and earning capacity in an amount according to proof.

27.     The above-recited actions of Defendants in harassing Plaintiff were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA. Because these acts were carried out in a despicable, deliberate, and intentional manner, this conduct warrants the assessment of punitive damages in a sum sufficient to punish and deter future such conduct.

## COUNT II:  FAILURE TO PAY OVERTIME COMPENSATION
### (Against Defendant Infosys Technologies Limited)

28.     Plaintiff realleges and incorporates by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

29.     Pursuant to Plaintiff's employment contract with Infosys, Infosys was to pay Plaintiff at the rate of $89,005 per annum, and thus at a regular rate of pay of $42.79 per hour.

30.     In addition to working regular daytime hours, Plaintiff was also regularly on call for several hours at nighttime to answer telephone calls from India, but was not paid

7

1    overtime wages as required under California law.

2         31.    During the period from August 24, 2008 to November 10, 2008, Plaintiff

3    worked a total of 768.5 hours and received a total compensation for that period of

4    approximately $19,020, which did not include any pay for overtime hours worked. A detailed

5    statement of the days worked, the hours worked each day, and the overtime pay that should

6    have been paid is attached hereto as **Exhibit C** and incorporated herein by reference.

7         32.    California Labor Code § 1198 provides that it is unlawful to employ persons

8    for longer than the hours set by the Industrial Welfare Commission or under conditions

9    prohibited by the applicable wage orders.

10        33.    At all times relevant herein, Industrial Welfare Commission Wage Order No.

11   4-2001, which applies to Plaintiff's employment by Infosys, provided that an employee "shall

12   not be employed more than eight (8) hours in any workday or more than 40 hours in any

13   workweek unless the employee receives one and one-half (1 1/2) times such employee's

14   regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of

15   labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more

16   than six (6) days in any workweek is permissible provided the employee is compensated for

17   such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate

18   of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any

19   workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work

20   in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in

21   excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the

22   seventh (7th) consecutive day of work in a workweek. (c) The overtime rate of compensation

23   required to be paid to a nonexempt full-time salaried employee shall be computed by using the

24   employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary."

25        34.    Under the provisions of the above-referenced Wage Order, Plaintiff should

26   have received a total of $40,648 for hours worked during the period from August 24, 2008 to

27   November 10, 2008. Therefore, for unpaid overtime, Defendant Infosys owes Plaintiff the

28   sum of $21,384, representing the difference between the amount of wages owed pursuant to

8

COMPLAINT

1  the Wage Order and the amount actually paid to Plaintiff. Defendant has failed and continues
2  to fail to pay Plaintiff the amount owed.

3      35.    Defendant Infosys's failure to pay Plaintiff the sum of $21,384, as required by
4  the applicable Wage Order, violates the provisions of California Labor Code § 1198 and is
5  therefore unlawful.

6
7                **COUNT III:  CONSTRUCTIVE DISCHARGE IN VIOLATION OF FEHA**
                              **(Against All Defendants)**

8      36.    Plaintiff realleges and incorporates by reference each and every allegation
9  contained in each of the above paragraphs as if fully set forth herein.

10     37.    The actions alleged above constituting harassment in violation of Government
11 Code § 12940(j) caused Plaintiff to be constructively discharged from her employment, in that
12 Infosys intentionally created and knowingly permitted working conditions set forth above,
13 which were so intolerable or aggravated at the time of Plaintiff's resignation that a reasonable
14 employer would have realized that a reasonable person in Plaintiff's position would be
15 compelled to resign. As a proximate cause of these working conditions, Plaintiff did resign
16 from her employment on November 11, 2008.

17     38.    As a proximate result of Defendants' harassment of Plaintiff, as alleged above,
18 Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, including money that
19 Plaintiff would have received if Plaintiff had not been constructively discharged from her
20 position with Defendant Infosys. As a result of such harassment and consequent harm,
21 Plaintiff has suffered such damages in an amount according to proof.

22     39.    As a further proximate result of Defendants' harassment of Plaintiff, as alleged
23 above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such
24 employment-related opportunities as experience in the position from which Plaintiff was
25 constructively discharged. As a result of such harassment and consequent harm, Plaintiff has
26 suffered such damages in an amount according to proof.

27     40.    The above-recited actions of Defendants in constructively discharging Plaintiff
28 from employment were done with malice, fraud, or oppression, and in reckless disregard of

                                               9
                                          COMPLAINT

1   Plaintiff's rights under the FEHA.  Because these acts were carried out in a despicable,

2   deliberate, and intentional manner, this conduct warrants the assessment of punitive damages

3   in a sum sufficient to punish and deter future such conduct.

4

5           **COUNT IV:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
                          **(Against All Defendants)**

6           41.     Plaintiff realleges and incorporates by reference each and every allegation

7   contained in each of the above paragraphs as if fully set forth herein.

8           42.     During Plaintiff's employment at Infosys, Defendant Infosys and its agents and

9   supervisors, including Defendant Mahesh Prakash Kinhikar and Defendant Anmol Srivastava,

10  engaged in a pattern of conduct designed to humiliate Plaintiff.

11          43.     Defendant Infosys, standing in a position of authority over Plaintiff, and

12  Infosys's agents and supervisors, including Defendant Mahesh Prakash Kinhikar and

13  Defendant Anmol Srivastava, abusing their positions as supervisors over Plaintiff, acted as set

14  forth above knowingly and unreasonably with the intent to inflict mental anguish, humiliation,

15  emotional, and physical distress.

16          44.     The conduct of Defendant Infosys and its agents and supervisors had a severe

17  and traumatic effect on Plaintiff's emotional tranquility.  As a proximate result of their acts,

18  Plaintiff suffered severe emotional distress and anxiety which resulted in inability to sleep

19  well.

20          45.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

21  general damages in an amount according to proof.

22          46.     As a further direct and proximate result of Defendants' conduct, Plaintiff was

23  forced to resign and thereafter unable to work for a period of time, or in the technology sector,

24  and accordingly, lost wages and earning capacity in an amount according to proof.

25          **COUNT V:  BREACH OF IMPLIED COVENANT OF**
                    **GOOD FAITH AND FAIR DEALING**
26          **(Against Defendant Infosys Technologies Limited)**

27          47.     Plaintiff realleges and incorporates by reference each and every allegation

28  contained in each of the above paragraphs as if fully set forth herein.

                                    10
                                 COMPLAINT

1      48.    Plaintiff was employed by Infosys pursuant to an employment contract. The
2 contract contained an implied covenant of good faith and fair dealing, which obligated Infosys
3 to perform the terms and conditions of the agreement fairly and in good faith and to refrain
4 from doing any act that would prevent or impede Plaintiff from performing any or all of the
5 conditions of the contract that they agreed to perform, or any act that would deprive Plaintiff
6 of the benefits of the contract.

7      49.    Defendant Infosys breached the implied covenant of good faith and fair dealing
8 under the employment agreement by the acts set forth above, intentionally, maliciously, and
9 for reasons extraneous to the contract. Plaintiff's employment terminated not because of any
10 reasons relating to Plaintiff's performance but because of conditions in the workplace that
11 were so intolerable or aggravated at the time of Plaintiff's resignation that Plaintiff was
12 compelled to resign.

13      50.    As a proximate result of Defendant Infosys's breach of the implied covenant of
14 good faith and fair dealing, Plaintiff has suffered and continues to suffer losses in earnings
15 and in earning capacity in an amount according to proof.

16                           **PRAYER FOR RELIEF**

17 WHEREFORE, Plaintiff prays for judgment as follows:

18      a)  For compensatory damages in the amount of $21,384, representing the amount of
19          unpaid overtime compensation;

20      b)  For interest on any overtime compensation due from the day such amounts were
21          due;

22      c)  For an award of civil penalties pursuant to Labor Code § 2699;

23      d)  For reasonable attorney's fees pursuant to Labor Code § 1194(a);

24      e)  For back pay, front pay, and other monetary relief according to proof;

25      f)  For general damages according to proof;

26      g)  For punitive damages in an amount appropriate to punish Defendant for its
27          wrongful conduct and to set an example for others;

28      h)  For interest on the sum of damages awarded;

11

COMPLAINT

1    i)   For reasonable attorney's fees and costs, including expert witness fees, pursuant to

2         Government Code Section 12965(b);

3    j)   For costs of suit herein incurred; and

4    k)   For such other and further relief as the Court deems proper.

5                              **JURY DEMAND**

6         Plaintiff hereby demands a trial by jury on all counts.

7    DATED: November 23, 2009              Respectfully submitted,

8                                          THE TIDRICK LAW FIRM

9

10

       By:
11                                         STEVEN G. TIDRICK, SBN 224760

12                                         THE TIDRICK LAW FIRM
13                                         6114 La Salle Avenue #500
                                           Oakland, California 94611
14                                         Telephone: (510) 381-3832
                                           Facsimile: (510) 291-3226
15                                         E-mail:    sgt@tidricklaw.com

16                                         Attorney for Plaintiff
                                           PROMILA AWASTHI
17

18

19

20

21

22

23

24

25

26

27

28
                                    12
                                COMPLAINT

# Exhibit A

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200910M0139-00-asc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| Ms. Promila Awasthi | (408) 712-7547 |

**ADDRESS**
387 Summerfield Drive

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Milpitas | Santa Clara | 095 |

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT
AGENCY WHO DISCRIMINATED AGAINST ME.**

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Infosys Technologies Ltd. | 510-742-3000 |

**ADDRESS**
6607 Kaiser Drive

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Fremont, California  94555 | Alameda | |

| NO. OF EMPLOYEES/MEMBERS (If known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| approx. 103,000 worldwide | TOOK PLACE (month, day, and year) Dec. 3, 2008 | |

**THE PARTICULARS ARE:**
I allege that on 8/18/08 - 12/03/08 , the following conduct occurred:

- _____ hostization
- _____ layoff
- _____ demotion
- X _____ harassment
- _____ denial of accommodation
- X _____ unequal [illegible] denied to apply [illegible]
- _____ [illegible] due to apply [illegible]
- _____ denial of employment
- _____ denial of promotion
- _____ denial of transfer
- _____ denial of termination
- X _____ failure to prevent discrimination or retaliation
- _____ [illegible]
- _____ other [illegible]
- _____ denial of family or medical leave
- _____ denial of pregnancy leave
- _____ denial of equal pay
- _____ denial of right to wear pants
- _____ denial of pregnancy accommodation

by  Mahesh Prakash Kinhikar (Manager); Anmol Srivastava (Supervisor); Prasita Nutty (Human Resources)

*Name of Person*          *Job Title (supervisor/manager/personnel/co-worker)*

because of:
- X _____ race
- X _____ age
- X _____ religion
- X _____ ancestry
- X _____ national origin/ancestry
- _____ mental status
- _____ sex/[illegible]
- _____ [illegible]
- _____ disability (physical or mental)
- _____ medical condition (cancer)
- or genetic characteristic
- _____ other [illegible]
- _____ retaliation for engaging in protected activity or requesting a protected leave or accommodation

**State what you
believe to be the
reason(s) for
discrimination**

While working for the Fremont office of this company headquartered in Bangalore, India, I experienced ongoing harassment on the basis of being an American of Indian national origin/ancestry, and on the basis of my age and gender. For example, company management ridiculed me for celebrating Thanksgiving and Christmas, and called my children "ABCD," a derogatory term meaning "Indian-born Confused Desi." As another example, on multiple occasions, company management said that I was doing good work for a woman at your age. The conditions were so intolerable that I was forced to quit. Even after I quit, the manager demanded that I come to work, and the HR department harassed me by phone and by e-mail.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or record a complaint once the complaint has been stated on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  08/07/09                                    *Promila Awasthi* (signature)
                                                   **COMPLAINANT'S SIGNATURE**
At  MILPITAS
   *City*

DATE FILED:

## RECEIVED

AUG 12 2009

Department of Fair
Employment and Housing
Oakland District Office

DFEH-300-03 (01/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# Exhibit B

STATE OF CALIFORNIA · STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941  TTY (800) 700-2320  Fax (510) 622-2951
www.dfeh.ca.gov



August 17, 2009

PROMILA AWASTHI
3897 Summerfield Dr
Milpitas, CA 94049

RE:    E200910M0139-00-asc
       AWASTHI/INFOSYS TECHNOLOGIES LTD

Dear PROMILA AWASTHI:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
August 12, 2009 because an immediate right-to-sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator

cc:    Case File

Mahesh Prakash Kinhikar
Manager
INFOSYS TECHNOLOGIES LTD
6607 Kaiser Dr
Fremont, CA  94555                                    DFEH-200-43 (06/06)

# Exhibit C

| | | daytime hours worked | nighttime hours worked | total hours for day | total hours for week | hours above 8 per day (1.5X pay) | hours above 40 per week (1.5X pay) | hours above 8 on 7th consecutive workday (2.0X pay) | 1.5X pay | 2.0X pay |
|---|---|---|---|---|---|---|---|---|---|---|
| Sunday | 8/24/2008 | 0 | 1.75 | 1.75 | | | | | | |
| Monday | 8/25/2008 | 8.75 | 1.75 | 10.5 | | | | | | |
| Tuesday | 8/26/2008 | 8.75 | 1.75 | 10.5 | | | | | | |
| Wednesday | 8/27/2008 | 8.75 | 1.75 | 10.5 | | | | | | |
| Thursday | 8/28/2008 | 8.75 | 1.75 | 10.5 | | | | | | |
| Friday | 8/29/2008 | 8.75 | 1.75 | 10.5 | | | | | | |
| Saturday | 8/30/2008 | 0 | 0 | 0 | 54.25 | | 14.25 | | $ 915 | |
| Sunday | 8/31/2008 | 0 | 2.5 | 2.5 | | | | | | |
| Monday | 9/1/2008 | 8.75 | 2.5 | 11.25 | | | | | | |
| Tuesday | 9/2/2008 | 8.75 | 2.5 | 11.25 | | | | | | |
| Wednesday | 9/3/2008 | 8.75 | 2.5 | 11.25 | | | | | | |
| Thursday | 9/4/2008 | 8.75 | 2.5 | 11.25 | | | | | | |
| Friday | 9/5/2008 | 8.75 | 0 | 8.75 | | | | | | |
| Saturday | 9/6/2008 | 0 | 0 | 0 | 56.25 | | 16.25 | | $ 1,043 | |
| Sunday | 9/7/2008 | 0 | 2.5 | 2.5 | | | | | | |
| Monday | 9/8/2008 | 8.75 | 2.5 | 11.25 | | | | | | |
| Tuesday | 9/9/2008 | 8.75 | 2.5 | 11.25 | | | | | | |
| Wednesday | 9/10/2008 | 8.75 | 2.5 | 11.25 | | | | | | |
| Thursday | 9/11/2008 | 8.75 | 2.5 | 11.25 | | | | | | |
| Friday | 9/12/2008 | 8.75 | 0 | 8.75 | | | | | | |
| Saturday | 9/13/2008 | 0 | 0 | 0 | 56.25 | | 16.25 | | $ 1,043 | |
| Sunday | 9/14/2008 | 0 | 3 | 3 | | | | | | |
| Monday | 9/15/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Tuesday | 9/16/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Wednesday | 9/17/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Thursday | 9/18/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Friday | 9/19/2008 | 8.75 | 0 | 8.75 | | | | | | |
| Saturday | 9/20/2008 | 0 | 0 | 0 | 58.75 | | 18.75 | | $ 1,203 | |
| Sunday | 9/21/2008 | 0 | 3 | 3 | | | | | | |

Exhibit C

Page 1 of 3

| | | daytime hours worked | nighttime hours worked | total hours for day | total hours for week | hours above 8 per day (1.5X pay) | hours above 40 per week (1.5X pay) | hours above 8 on 7th consecutive workday (2.0X pay) | 1.5X pay | 2.0X pay |
|---|---|---|---|---|---|---|---|---|---|---|
| Monday | 9/22/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Tuesday | 9/23/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Wednesday | 9/24/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Thursday | 9/25/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Friday | 9/26/2008 | 8.75 | 0 | 8.75 | | | | | | |
| Saturday | 9/27/2008 | 0 | 0 | 0 | 58.75 | | 18.75 | | $ 1,203 | |
| Sunday | 9/28/2008 | 0 | 3 | 3 | | | | | | |
| Monday | 9/29/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Tuesday | 9/30/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Wednesday | 10/1/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Thursday | 10/2/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Friday | 10/3/2008 | 8.75 | 0 | 8.75 | | | | | | |
| Saturday | 10/4/2008 | 0 | 0 | 0 | 58.75 | | 18.75 | | $ 1,203 | |
| Sunday | 10/5/2008 | 0 | 0 | 0 | | | | | | |
| Monday | 10/6/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Tuesday | 10/7/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Wednesday | 10/8/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Thursday | 10/9/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Friday | 10/10/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Saturday | 10/11/2008 | 8.75 | 3 | 11.75 | 70.5 | | 30.5 | | $ 1,958 | |
| Sunday | 10/12/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Monday | 10/13/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Tuesday | 10/14/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Wednesday | 10/15/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Thursday | 10/16/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Friday | 10/17/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Saturday | 10/18/2008 | 8.75 | 3 | 11.75 | 82.25 | | 42.25 | 3.75 | $ 2,712 | $ 321 |
| Sunday | 10/19/2008 | 8.75 | 3 | 11.75 | | | | | | |
| Monday | 10/20/2008 | 8.75 | 3 | 11.75 | | | | | | |

Exhibit C

Page 2 of 3

Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INFOSYS TECHNOLOGIES LIMITED, a foreign corporation;
MAHESH PRAKASH KINHIKAR; ANMOL SRIVASTAVA;
PRASITA KUTTY; and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Promila Awasthi

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 4 2009

CLERK

BY _____

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER<br>*(Número del Caso):* |
|---|---|
| Superior Court of the State of California, County of Alameda | |

René C. Davidson Alameda County Courthouse
1225 Fallon St., Oakland, CA, 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Steven G. Tidrick, Esq., The Tidrick Law Firm
6114 La Salle Avenue #500, Oakland, California 94611, (510) 381-3832

| DATE: **DEC 2 4 2009** **PAT S. SWEETEN** | Clerk, by _____ | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 1/5/2010

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  STEVEN G. TIDRICK, SBN 224760
   THE TIDRICK LAW FIRM
2  6114 La Salle Avenue #500
   Oakland, California 94611
3  Telephone: (510) 381-3832
   Facsimile: (510) 291-3226
4  E-mail:    sgt@tidricklaw.com

5  Attorney for Plaintiff
   PROMILA AWASTHI
6

7

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 4 2009

CLERK OF THE SUPERIOR COURT
B: KMEL DHILLON

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10                         UNLIMITED JURISDICTION

11

12  PROMILA AWASTHI,                        Civil Case Number: RG09486022

13                  Plaintiff,              ASSIGNED FOR ALL PURPOSES TO
                                            JUDGE GAIL BREWSTER BEREOLA
                                            DEPARTMENT 19
14        v.

15  INFOSYS TECHNOLOGIES LIMITED,           **FIRST AMENDED COMPLAINT FOR:**
    a foreign corporation; MAHESH PRAKASH
16  KINHIKAR; ANMOL SRIVASTAVA;               **(1) HARASSMENT IN VIOLATION
    PRASITA KUTTY; and DOES 1-20,                OF FEHA;**
17                                            **(2) FAILURE TO PAY OVERTIME;**
                  Defendants.                 **(3) CONSTRUCTIVE DISCHARGE IN
18                                                VIOLATION OF FEHA;**
                                              **(4) INTENTIONAL INFLICTION OF
19                                                EMOTIONAL DISTRESS;**
                                              **(5) BREACH OF IMPLIED
20                                                COVENANT OF GOOD FAITH
                                                 AND FAIR DEALING**
21                                            **(6) WAITING TIME PENALTIES
                                                 UNDER LABOR CODE § 203**
22
                                            **JURY TRIAL DEMANDED**
23

24        Plaintiff asserts this First Amended Complaint against Defendants and alleges as

25  follows:

26                          **NATURE OF THE ACTION**

27        1.      As detailed in this Complaint, Promila Awasthi ("Plaintiff"), a United States

28  citizen originally from India and of Indian ancestry, age 48, was employed at the Fremont,

                                        1

                        FIRST AMENDED COMPLAINT

1   California office of Defendant Infosys Technologies Limited ("Infosys"), a foreign
2   corporation headquartered in Bangalore, India, with about 105,000 employees worldwide.
3   She performed computer work for Infosys consisting of data warehousing tasks. In addition
4   to working regular daytime hours, she was regularly on call for several hours at night to
5   answer phone calls from India, even past midnight, as well as on weekends, but was not paid
6   overtime as required by California law. While working at Infosys, she was routinely harassed
7   by Infosys management, nationals of India, on the basis of her being an American of Indian
8   ancestry and national origin, and on the basis of her age and gender. Infosys management
9   routinely disparaged Americans, including Plaintiff, as not having "family values," and stated
10  that layoffs in America are good because the jobs will be outsourced. Infosys management
11  ridiculed Plaintiff for celebrating the American holiday of Thanksgiving, telling her that she
12  should not celebrate Thanksgiving because she is Indian, and that therefore she must work on
13  Thanksgiving Day. Infosys management also ridiculed Plaintiff for celebrating Christmas,
14  saying that "we" do not celebrate Christmas, and that she should not celebrate Christmas.
15  Infosys management also ridiculed Plaintiff's children for celebrating Thanksgiving, and
16  called them "ABCD," short for "American-Born Confused Desi," and "IBCD," short for
17  "Indian-Born Confused Desi," insulting terms used to criticize people of Indian ancestry who
18  are Americanized. Infosys management repeatedly discussed the quality of Plaintiff's work
19  by explicitly commenting on their expectations for "a woman your age." The working
20  conditions were so intolerable that Plaintiff was eventually forced to quit. Plaintiff sues
21  Infosys under the California Fair Employment and Housing Act, California Government Code
22  §§ 12900 *et seq.* ("FEHA"), the California Labor Code, and the common law, seeking
23  monetary damages, including punitive damages, and attorneys fees and costs.

## THE PARTIES

25      2.      Plaintiff Promila Awasthi ("Plaintiff") is an individual and a resident of the
26  County of Santa Clara, State of California.

27      3.      Defendant Infosys Technologies Limited is, and at all times mentioned was, a
28  foreign corporation having a place of business in Alameda County, California, at 6607 Kaiser

2

1    Drive, Fremont. Headquartered in Bangalore, India (a city known as the "Silicon Valley of

2    India"), Infosys describes itself as a company that "delivers technology-enabled business

3    solutions that help Global 2000 companies win in a Flat World." Infosys advertises itself as a

4    "global leader in the 'next generation' of IT and consulting." Infosys touts that it "pioneered

5    the Global Delivery Model" that was a "force in the industry leading to the rise of offshore

6    outsourcing." Infosys advertises its services with the slogan: "Get Flat World business

7    secrets from a flat world company." Infosys has over 50 offices worldwide.

8        4.      Defendant Mahesh Prakash Kinhikar, at all relevant times mentioned herein

9    was, an adult person and, on information and belief, a resident of Contra Costa County,

10   California.

11       5.      Defendant Anmol Srivastava, at all relevant times mentioned herein was, an

12   adult person and, on information and belief, a resident of Alameda County, California.

13       6.      Defendant Prasita Kutty is and, at all relevant times mentioned herein was, an

14   adult person and, on information and belief, a resident of Santa Clara County, California.

15       7.      The true names and capacities, whether individual, corporate, associate or

16   otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiff at

17   this time and therefore said Defendants are sued by such fictitious names. Plaintiff will

18   amend this Complaint to show their true names and capacities when ascertained. Plaintiff is

19   informed and believes and thereon alleges that each Defendant designated herein as a DOE

20   defendant is legally responsible in some manner for the events and happenings herein alleged

21   and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

22       8.      Plaintiff is informed and believes and thereon alleges that each of the

23   Defendants was acting as the agent, employee, partner, or servant of each of the remaining

24   Defendants and was acting within the course and scope of that relationship, and gave consent

25   to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

26                                    **JURISDICTION**

27       9.      The Court has personal jurisdiction over Defendants pursuant to California

28   Code of Civil Procedure § 410.10 because they are residents of California, are doing business

                                              3

1 | in the State of California, have committed acts or omissions in California with respect to one

2 | or more causes of action arising from these acts or omissions, and/or have caused effects in

3 | California with respect to one or more causes of action arising from these effects.

4 |       10.    Venue is proper in this county in accordance with Section 12965(b) of the

5 | California Government Code because this is an action brought under FEHA and this is the

6 | county in which the unlawful practices are alleged to have been committed.

7 |       11.    Venue is also proper in this county in accordance with Section 395(a) of the

8 | California Code of Civil Procedure because at least one defendant resides in this county.

9 | **FACTS COMMON TO ALL CAUSES OF ACTION**

10 |       12.    On February 25, 2008, Plaintiff began working for Infosys in the purported

11 | role of "Consultant – Enterprise Solutions," pursuant to a written employment contract.

12 |       13.    From February 25, 2008 until November 11, 2008, Plaintiff worked for the

13 | Fremont, California office of Infosys, an office in which the vast majority of employees are

14 | nationals of India or individuals of Indian ancestry/national origin.

15 |       14.    Plaintiff's work at Infosys consisted of computer work, specifically, data

16 | warehousing tasks, and answering telephone calls from India regarding such tasks.

17 |       15.    In addition to working regular daytime hours, Plaintiff was regularly on call for

18 | several hours at night to answer phone calls from India, even past midnight as well as on

19 | weekends, but was not paid overtime as required by California law.

20 |       16.    While working for Infosys in California, Plaintiff suffered ongoing harassment

21 | and differential, discriminatory treatment on the basis of her being an American of Indian

22 | national origin/ancestry, and on the basis of her gender (female), her age (over 40), and her

23 | religion (Hinduism and Christianity), by Infosys supervisors and agents, including Defendant

24 | Mahesh Prakash Kinhikar and Defendant Anmol Srivastava. For example:

25 |              a.  Infosys management routinely disparaged Americans, including Plaintiff, by

26 |                 making statements such as the following:

27 |                   i.  Americans have no "values."

28 |                  ii.  Americans do not have "family values."

4

1                          iii.   Layoffs in America are good because the jobs will be outsourced.

2                 b.   Infosys management ridiculed Plaintiff for celebrating Thanksgiving, telling

3                    her that she should not celebrate Thanksgiving because she is Indian, and that

4                    therefore she must work on Thanksgiving Day.

5                 c.   After learning that Plaintiff's children have traditionally eaten turkey at

6                    Thanksgiving, Infosys management ridiculed Plaintiff's children and called

7                    them "ABCD," an acronym for "American-Born Confused Desi," an insulting

8                    term used to criticize people of Indian ancestry who are Americanized.

9                 d.   After learning the Plaintiff's children were born in India, Infosys management

10                    continued to ridicule Plaintiff's children and called them "IBCD," short for

11                    "Indian-Born Confused Desi."

12                 e.   Infosys management also ridiculed Plaintiff for celebrating Christmas, saying

13                    that Christmas is not important, that "we" do not celebrate Christmas, that she

14                    should not celebrate Christmas, and that therefore she must work on Christmas

15                    Day.

16                 f.   Infosys management repeatedly discussed the quality of Plaintiff's work by

17                    explicitly commenting on their expectations for "a woman your age."

18       17.     The ongoing harassment that Plaintiff experienced at Infosys was so severe that

19 Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and

20 has been injured in mind and body with emotional harm, anxiety, and inability to sleep well,

21 affecting her ability to perform certain tasks, including searching for new employment. As a

22 result, Plaintiff sought and received medical treatment, including psychotherapy for the first

23 time in her life, which has continued.

24       18.     On November 11, 2008, Plaintiff was constructively discharged from her

25 employment at Infosys, as set forth in more detail below.

26       19.     On August 12, 2009, and within one year of the dates of harassment as herein

27 alleged, Plaintiff filed charges of harassment, constructive discharge, and failure to prevent

28 harassment/discrimination, with the California Department of Fair Employment and Housing

5

1   ("DFEH") against Infosys. A copy of these charges is appended hereto as **Exhibit A** and is
2   incorporated by this reference as though fully set forth herein.

3       20.     On August 17, 2009, the DFEH issued to Plaintiff notice of right to bring a
4   civil action based on the charges that Plaintiff filed with DFEH. A copy of this notice is
5   appended hereto as **Exhibit B** and is incorporated by this reference as though fully set forth
6   herein.

7                    **UNCONSIONABLE ARBITRATION CLAUSE**

8       21.     Infosys has purported to prevent Plaintiff from pursuing her claims in this
9   Court by imposing upon Plaintiff a requirement that her disputes with Infosys be submitted
10  for binding arbitration. This purported requirement is procedurally unconscionable. It was
11  imposed on Plaintiff as a condition of her employment at Infosys with no opportunity to
12  negotiate, as part of a "US Joining Kit" that, on information and belief, Infosys imposed on all
13  of its employees in the United States. It is also substantively unconscionable. It is one-sided,
14  purporting to allow Infosys to go to court and seek injunctive relief on certain claims against
15  its employees, and to recover attorneys fees and costs on such claims, while barring the
16  employee from access to court on the employee's claims against Infosys. Therefore,
17  Infosys's purported requirement to arbitrate is unconscionable and unenforceable. *See, e.g.,*
18  *Davis v. O'Melveny & Myers,* 485 F.3d 1066, 1084 (9th Cir. Cal. 2007); *Dunham v. Envtl.*
19  *Chem. Corp.,* 2006 U.S. Dist. LEXIS 61068 (N.D. Cal. Aug. 16, 2006); *Abramson v. Juniper*
20  *Networks,* 115 Cal. App. 4th 638, 665 (2004); *Fitz v. NCR Corporation,* 118 Cal. App. 4th
21  702, 723 (2004); *Armendariz v. Foundation Health Psychcare Services, Inc.,* 24 Cal.4th 83,
22  113 (2000); *Kinney v. United Healthcare Services, Inc.,* 70 Cal. App. 4th 1322, 1332 (1999);
23  *Stirlen v. Supercuts,* 51 Cal. App. 4th 1519, 1540-1541 (1997).

24              **COUNT I: HARASSMENT IN VIOLATION OF FEHA**
           **(Against Defendants Infosys Technologies Limited, Mahesh Prakash Kinhikar,**
25                           **and Anmol Srivastava)**

26      22.     Plaintiff realleges and incorporates by reference each and every allegation
27  contained in each of the above paragraphs as if fully set forth herein.

28      23.     Defendants' actions against Plaintiff, as alleged above, constituted unlawful
                                      6

1  harassment in employment on the basis of national origin/ancestry, gender, age, and religion,
2  in violation of FEHA, Government Code § 12940(j).

3      24.    Defendant Infosys and its agents and supervisors, including Defendant Mahesh
4  Prakash Kinhikar and Defendant Anmol Srivastava, engaged in the actions alleged herein with
5  the intent of harassing Plaintiff on account of her national origin/ancestry, gender, age, and
6  religion.

7      25.    Defendant Infosys and its supervisors and agents, including Defendant Mahesh
8  Prakash Kinhikar and Defendant Anmol Srivastava, knew or should have known of these
9  harassing actions because they either committed them, personally witnessed them, or were
10  informed of them.  Despite actual and constructive knowledge of the above-mentioned
11  harassment by Defendant Infosys and its supervisors and agents, Defendant Infosys and its
12  supervisors and agents failed to take immediate and appropriate corrective action to stop the
13  harassment.

14      26.    As a further proximate result of Defendants' harassment of Plaintiff, as alleged
15  above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish,
16  and emotional and physical distress, and has been injured in mind and body with emotional
17  harm, anxiety, and inability to sleep well.  As a result of such harassment and consequent
18  harm, Plaintiff has suffered such damages in an amount according to proof.

19      27.    As a further direct and proximate result of Defendants' conduct, Plaintiff was
20  forced to resign and thereafter unable to work for a period of time, or in the technology sector,
21  and accordingly, lost wages and earning capacity in an amount according to proof.

22      28.    The above-recited actions of Defendants in harassing Plaintiff were done with
23  malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA.
24  Because these acts were carried out in a despicable, deliberate, and intentional manner, this
25  conduct warrants the assessment of punitive damages in a sum sufficient to punish and deter
26  future such conduct.

27  //
28  //

7

FIRST AMENDED COMPLAINT

**COUNT II:  FAILURE TO PAY OVERTIME COMPENSATION**
**(Against Defendant Infosys Technologies Limited)**

29.     Plaintiff realleges and incorporates by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

30.     Pursuant to Plaintiff's employment contract with Infosys, Infosys was to pay Plaintiff at the rate of $89,005 per annum, and thus at a regular rate of pay of $42.79 per hour.

31.     In addition to working regular daytime hours, Plaintiff was also regularly on call for several hours at nighttime to answer telephone calls from India, but was not paid overtime wages as required under California law.

32.     During the period from August 24, 2008 to November 10, 2008, Plaintiff worked a total of 768.5 hours and received a total compensation for that period of approximately $19,020, which did not include any pay for overtime hours worked.  A detailed statement of the days worked, the hours worked each day, and the overtime pay that should have been paid is attached hereto as **Exhibit C** and incorporated herein by reference.

33.     California Labor Code § 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage orders.

34.     At all times relevant herein, Industrial Welfare Commission Wage Order No. 4-2001, which applies to Plaintiff's employment by Infosys, provided that an employee "shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:  (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in

8

1  excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the

2  seventh (7th) consecutive day of work in a workweek. (c) The overtime rate of compensation

3  required to be paid to a nonexempt full-time salaried employee shall be computed by using the

4  employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary."

5      35.     Under the provisions of the above-referenced Wage Order, Plaintiff should

6  have received a total of $40,648 for hours worked during the period from August 24, 2008 to

7  November 10, 2008. Therefore, for unpaid overtime, Defendant Infosys owes Plaintiff the

8  sum of $21,384, representing the difference between the amount of wages owed pursuant to

9  the Wage Order and the amount actually paid to Plaintiff. Defendant has failed and continues

10  to fail to pay Plaintiff the amount owed.

11      36.     Defendant Infosys's failure to pay Plaintiff the sum of $21,384, as required by

12  the applicable Wage Order, violates the provisions of California Labor Code § 1198 and is

13  therefore unlawful.

14

15  **COUNT III: CONSTRUCTIVE DISCHARGE IN VIOLATION OF FEHA**
   **(Against Defendants Infosys Technologies Limited, Mahesh Prakash Kinhikar,**
16  **and Anmol Srivastava)**

17      37.     Plaintiff realleges and incorporates by reference each and every allegation

18  contained in each of the above paragraphs as if fully set forth herein.

19      38.     The actions alleged above constituting harassment in violation of Government

20  Code § 12940(j) caused Plaintiff to be constructively discharged from her employment, in that

21  Infosys intentionally created and knowingly permitted working conditions set forth above,

22  which were so intolerable or aggravated at the time of Plaintiff's resignation that a reasonable

23  employer would have realized that a reasonable person in Plaintiff's position would be

24  compelled to resign. As a proximate cause of these working conditions, Plaintiff did resign

25  from her employment on November 11, 2008.

26      39.     As a proximate result of Defendants' harassment of Plaintiff, as alleged above,

27  Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, including money that

28  Plaintiff would have received if Plaintiff had not been constructively discharged from her

9

1    position with Defendant Infosys. As a result of such harassment and consequent harm,
2    Plaintiff has suffered such damages in an amount according to proof.

3    40.    As a further proximate result of Defendants' harassment of Plaintiff, as alleged
4    above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such
5    employment-related opportunities as experience in the position from which Plaintiff was
6    constructively discharged. As a result of such harassment and consequent harm, Plaintiff has
7    suffered such damages in an amount according to proof.

8    41.    The above-recited actions of Defendants in constructively discharging Plaintiff
9    from employment were done with malice, fraud, or oppression, and in reckless disregard of
10   Plaintiff's rights under the FEHA. Because these acts were carried out in a despicable,
11   deliberate, and intentional manner, this conduct warrants the assessment of punitive damages
12   in a sum sufficient to punish and deter future such conduct.

13

14   **COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
     **(Against All Defendants)**

15   42.    Plaintiff realleges and incorporates by reference each and every allegation
16   contained in each of the above paragraphs as if fully set forth herein.

17   43.    During Plaintiff's employment at Infosys, Defendant Infosys and its agents and
18   supervisors, including Defendant Mahesh Prakash Kinhikar and Defendant Anmol Srivastava,
19   engaged in a pattern of conduct designed to humiliate Plaintiff.

20   44.    Defendant Infosys, standing in a position of authority over Plaintiff, and
21   Infosys's agents and supervisors, including Defendant Mahesh Prakash Kinhikar and
22   Defendant Anmol Srivastava, abusing their positions as supervisors over Plaintiff, acted as set
23   forth above knowingly and unreasonably with the intent to inflict mental anguish, humiliation,
24   emotional, and physical distress.

25   45.    Even after Plaintiff was forced to resign, Defendant Infosys and Infosys's
26   agents and supervisors, including Defendants Mahesh Prakash Kinhikar and Prasita Kutty
27   engaged in a pattern of conduct designed to humiliate Plaintiff, taking actions knowingly and
28   unreasonably with the intent to inflict mental anguish, humiliation, emotional, and physical

10

1   distress.  For example, Defendant Mahesh Prakash Kinhikar demanded that Plaintiff come to

2   work even after Plaintiff resigned, and Prasita Kutty insisted on speaking with Plaintiff on

3   Thanksgiving Day regarding the termination of Plaintiff's employment, and made false

4   statements about the circumstances surrounding the termination of Plaintiff's employment,

5   with the intent to inflict mental anguish, humiliation, and emotional and physical distress.

6        46.    The conduct of Defendant Infosys and its agents and supervisors had a severe

7   and traumatic effect on Plaintiff's emotional tranquility.  As a proximate result of their acts,

8   Plaintiff suffered severe emotional distress and anxiety which resulted in inability to sleep

9   well.

10       47.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

11  general damages in an amount according to proof.

12       48.    As a further direct and proximate result of Defendants' conduct, Plaintiff was

13  forced to resign and thereafter unable to work for a period of time, or in the technology sector,

14  and accordingly, lost wages and earning capacity in an amount according to proof.

15                    **COUNT V:  BREACH OF IMPLIED COVENANT OF**
                      **GOOD FAITH AND FAIR DEALING**
16                    **(Against Defendant Infosys Technologies Limited)**

17       49.    Plaintiff realleges and incorporates by reference each and every allegation

18  contained in each of the above paragraphs as if fully set forth herein.

19       50.    Plaintiff was employed by Infosys pursuant to an employment contract.  The

20  contract contained an implied covenant of good faith and fair dealing, which obligated Infosys

21  to perform the terms and conditions of the agreement fairly and in good faith and to refrain

22  from doing any act that would prevent or impede Plaintiff from performing any or all of the

23  conditions of the contract that they agreed to perform, or any act that would deprive Plaintiff

24  of the benefits of the contract.

25       51.    Defendant Infosys breached the implied covenant of good faith and fair dealing

26  under the employment agreement by the acts set forth above, intentionally, maliciously, and

27  for reasons extraneous to the contract.  Plaintiff's employment terminated not because of any

28  reasons relating to Plaintiff's performance but because of conditions in the workplace that

                                              11

1  were so intolerable or aggravated at the time of Plaintiff's resignation that Plaintiff was

2  compelled to resign.

3      52.    As a proximate result of Defendant Infosys's breach of the implied covenant of

4  good faith and fair dealing, Plaintiff has suffered and continues to suffer losses in earnings

5  and in earning capacity in an amount according to proof.

6

7      **COUNT VI: WAITING TIME PENALTIES UNDER LABOR CODE § 203
       (Against Defendant Infosys Technologies Limited)**

8      53.    Plaintiff realleges and incorporates by reference each and every allegation

9  contained in each of the above paragraphs as if fully set forth herein.

10     54.    On November 11, 2008, when Plaintiff was forced to quit, Plaintiff had last

11  been paid a number of days earlier, and therefore was owed wages for a number of days, as

12  provided for in Plaintiff's employment contract with Infosys.

13     55.    At the time of the termination of Plaintiff's employment, Infosys willfully

14  failed to pay the above-referenced wages within the 72-hour period required by California

15  Labor Code § 203, and willfully failed to pay such wages for a number of days thereafter.

16     56.    Pursuant to the provisions of California Labor Code § 203, Defendant owes

17  Plaintiff a penalty in an amount of Plaintiff's daily rate multiplied by the number of days late.

18     57.    Pursuant to California Labor Code § 218.5, Plaintiff requests that the Court

19  award Plaintiff reasonable attorney's fees and costs incurred in this action.

20                          **PRAYER FOR RELIEF**

21      WHEREFORE, Plaintiff prays for judgment as follows:

22      a) For compensatory damages in the amount of $21,384, representing the amount of

23          unpaid overtime compensation;

24      b) For interest on any overtime compensation due from the day such amounts were

25          due;

26      c) For waiting time penalties pursuant to Labor Code § 203 according to proof;

27      d) For an award of civil penalties pursuant to Labor Code § 2699;

28      e) For reasonable attorney's fees and costs pursuant to Labor Code § 1194(a) and

                                    12

                          FIRST AMENDED COMPLAINT

1    Labor Code § 218.5;

2    f)   For back pay, front pay, and other monetary relief according to proof;

3    g)   For general damages according to proof;

4    h)   For punitive damages in an amount appropriate to punish Defendant for its

5         wrongful conduct and to set an example for others;

6    i)   For interest on the sum of damages awarded;

7    j)   For reasonable attorney's fees and costs, including expert witness fees, pursuant to

8         Government Code Section 12965(b);

9    k)   For costs of suit herein incurred; and

10   l)   For such other and further relief as the Court deems proper.

11                                   **JURY DEMAND**

12   Plaintiff hereby demands a trial by jury on all counts.

13   DATED: December 24, 2009                Respectfully submitted,

14                                           THE TIDRICK LAW FIRM

15

16                                    By: _____

17                                           STEVEN G. TIDRICK, SBN 224760

18                                           THE TIDRICK LAW FIRM
                                             6114 La Salle Avenue #500
19                                           Oakland, California 94611
                                             Telephone: (510) 381-3832
20                                           Facsimile: (510) 291-3226
                                             E-mail:    sgt@tidricklaw.com
21
                                             Attorney for Plaintiff
22                                           PROMILA AWASTHI

23

24

25

26

27

28
                                        13
                              FIRST AMENDED COMPLAINT

Exhibit C

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>—Michelle B. Heverly (SBN 178660) / Blaire A. Cleveland (SBN 255172)<br>Littler Mendelson<br>50 W. San Fernando Street, 15th Floor<br>San Jose, CA 95113 | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>FEB 1 9 2010 |
|---|---|
| TELEPHONE NO.: 408-998-4150    FAX NO. *(Optional)*: 408-288-5686<br>E-MAIL ADDRESS *(Optional)*: .<br><br>ATTORNEY FOR *(Name)*:   Infosys Technologies Limited, Anmol Srivavista & Mahesh Prakash Kinhikar | CLERK OF THE SUPERIOR COURT<br>By ERICA BAKER |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: **1221 Oak Street**
MAILING ADDRESS: **1221 Oak Street**
CITY AND ZIP CODE: **Oakland, CA 94612**
BRANCH NAME:

PLAINTIFF/PETITIONER: Promila Awasthi

DEFENDANT/RESPONDENT: Infosys Technologies, Limited, et al.

| **GENERAL DENIAL** | CASE NUMBER:<br>RG09486022 |
|---|---|

If you want to file a general denial, you MUST use this form if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:
1. The complaint is not verified; *or*
2. The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less), BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85–86, 90–100, 431.30, and 431.40.)

1. DEFENDANTS *(name)*: Infosys Technologies, Limited; Mahesh Prakash Kinhikar; and Prasita Kutty generally deny each and every allegation of plaintiff's complaint.

**BY FAX**

2. ☒   DEFENDANTS state the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary)*:
Please see the attached Affirmative Defenses.

Date: January 19, 2010

Blaire A. Cleveland
_____                    ▶ _____
(TYPE OR PRINT NAME)                                               (SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your right to bring the claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this *General Denial* must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. There are two main ways to serve this *General Denial*: by personal delivery or by mail. It may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Be sure that whoever serves the *General Denial* fills out and signs a proof of service. You may use the applicable Judicial Council form (such as form POS-020, POS-030, or POS-040) for the proof of service.

Form Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2009]

**GENERAL DENIAL**

Code of Civil Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1 **PROMILA AWASTHI v. INFOSYS TECHNOLOGIES, INC., et al.**

2 **Alameda County Superior Court**

3 **Case No. RG09486022**

4 **INFOSYS TECHNOLOGIES, LTD.'S AFFIRMATIVE DEFENSES**

5 AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

6 AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

7 Infosys Technologies Limited alleges:

8 That Plaintiff's Complaint fails to state a claim upon which relief may be granted,

9 including but not limited to any claim for general, special or punitive damages, injunctive relief, or

10 attorneys' fees or costs.

11 AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO

12 EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

13 Defendant Infosys Technologies Limited alleges:

14 That the Complaint and each cause of action alleged therein are barred by the

15 applicable statutes of limitations, including, but not limited to California Government Code sections

16 12960 and 12965, and California Code of Civil Procedure sections 335.1, 337, 339, and 340.

17 AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

18 AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

19 Infosys Technologies Limited alleges:

20 That each claim for relief contained therein is barred by Plaintiff's failure to timely or

21 properly exhaust her administrative remedies. California Government Code § 12960, etc.

22 AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

23 EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT,

24 Defendant Infosys Technologies Limited alleges:

25 That some or all of Plaintiff's claims are barred by Plaintiff's consent to and/or

26 voluntary participation in all or some of the acts alleged, or conduct similar thereto.

27 / / /

28 / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Case No. RG09486022

**AFFIRMATIVE DEFENSES**

1    AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH
2    AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant
3    Infosys Technologies Limited alleges:

4    That Plaintiff's Complaint and each of its causes of action are barred because the
5    employment relationship between Plaintiff and Defendant expressly provided for arbitration of all
6    disputes resulting from Plaintiff's employment with Defendant, and Plaintiff failed to avail herself of
7    mandatory arbitration.

8    AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH
9    AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant
10   Infosys Technologies Limited alleges:

11   That Plaintiff's Complaint and each of its causes of action are barred because any and
12   all employment decisions made with regard to Plaintiff were made without malice, in good faith and
13   motivated by legitimate, non-retaliatory, non-discriminatory reasons and/or as a result of business
14   necessity.

15   AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
16   EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys
17   Technologies Limited alleges:

18   That without admitting that any unlawful or wrongful acts occurred, if any of
19   Defendant Infosys Technologies Limited's agents or employees engaged in any unlawful or
20   wrongful acts, these alleged acts were outside the scope of their authority, and were not authorized,
21   ratified or condoned by Defendant Infosys Technologies Limited.

22   AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
23   EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys
24   Technologies Limited alleges:

25   That at all times relevant, Defendant Infosys Technologies Limited promulgated an
26   anti-discrimination and anti-harassment policy and complaint procedure which were communicated
27   to Plaintiff, and Defendant Infosys Technologies Limited exercised reasonable care to prevent and
28   correct promptly any inappropriate conduct.

LITTLER MENDELSON                                2.                        Case No. RG09486022

**AFFIRMATIVE DEFENSES**

1                 AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

2 CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys

3 Technologies Limited alleges:

4                 That to the extent during the course of this litigation Defendant acquires any evidence

5 of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms and

6 conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted,

7 disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or

8 damages or shall reduce such claim or damages as provided by law.

9                 AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

10 EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys

11 Technologies Limited alleges:

12                 That to the extent that Plaintiff is seeking mental or emotional distress damages, such

13 damages are preempted by the exclusive remedy provisions of the California Workers'

14 Compensation Act.

15                 AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

16 EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys

17 Technologies Limited alleges:

18                 That Plaintiff could have, by her diligence, taken action which would have mitigated

19 her damages, and she had an affirmative duty to do so, which was breached by Plaintiff's failure to

20 find other employment and/or take other action upon the cessation of her employment with

21 Defendant Infosys.

22                 AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

23 EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys

24 Technologies Limited alleges:

25                 That Plaintiff failed to avail herself of complaint procedures promulgated and

26 communicated by Defendant, and if she had availed herself of the complaint procedures, she could

27 have reasonably avoided any allegedly adverse consequences.

28    / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

3.

Case No. RG09486022

AFFIRMATIVE DEFENSES

1    AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE
2    TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys
3    Technologies Limited alleges:

4    That all damages Plaintiff has suffered are wholly or in part the result of her own
5    actions, or the actions of other individuals, not the answering Defendant.

6    AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE
7    TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys
8    Technologies Limited alleges:

9    That each and every act done or statement made by Defendant with regard to, or in
10   any way related to, Plaintiff was privileged as a good faith assertion of Defendant's legal rights..

11   AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
12   EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys
13   Technologies Limited alleges:

14   That Defendant Infosys acted fairly and in good faith at all times and attempted to
15   abide by, honor and act in accordance with applicable state wage and labor laws.

16   AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
17   EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys
18   Technologies Limited alleges:

19   That Plaintiff's claims for alleged failure to pay overtime are barred, as Plaintiff was
20   properly classified as exempt from overtime and minimum wage under the professional,
21   administrative, executive and/or computer professional exemptions.

22   AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE
23   TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys
24   Technologies Limited alleges:

25   That any violation of the Labor Code or an order of the Industrial Welfare
26   Commission was an act or omission made in good faith and Defendant had reasonable grounds for
27   believing that the act or omission was not a violation of the Labor Code or any order of the Industrial
28   Welfare Commission.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

4.                                                    Case No. RG09486022

AFFIRMATIVE DEFENSES

1                     AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

2  TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys

3  Technologies Limited alleges:

4                     That Plaintiff's work conditions were not so intolerable or aggravated at the time of

5  Plaintiff's resignation that a reasonable employer would have realized that a reasonable person in

6  Plaintiff's position would be compelled to resign.

7                     AS AND FOR AN NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

8  TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Infosys

9  Technologies Limited alleges:

10                  That Plaintiff is barred in equity from recovering on her Complaint, or on any claim

11  contained therein, under the doctrine of unclean hands.

12                  AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO

13  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Infosys

14  Technologies Limited alleges:

15                  That the contract alleged in the Complaint fails for lack of consideration.

16                  AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE

17  TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Infosys

18  Technologies Limited alleges:

19                  That the contract alleged in the Complaint fails for lack of mutual assent.

20                  AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE

21  DEFENSE TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

22  Defendant Infosys Technologies Limited alleges:

23                  That the claims contained in the Complaint are barred by the doctrine of laches.

24

25                  Defendant Infosys does not presently know all facts respecting the conduct of

26  Plaintiff sufficient to state all affirmative defenses at this time. Defendant Infosys reserves the right

27  to amend this Answer should it later discover facts demonstrating the existence of additional

28  affirmative defenses.

                   Case No. RG09486022

**AFFIRMATIVE DEFENSES**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

1            WHEREFORE, Defendant Infosys seeks judgment against Plaintiff as follows:

2            1.      For an order dismissing Plaintiff's claims with prejudice, and entering

3 judgment in favor of Defendants and against Plaintiff;

4            2.      For all reasonable costs and attorneys' fees incurred by Defendant in

5 connection with the defense of this matter; and

6            3.      For such other and further relief as the Court in the exercise of its discretion

7 deems just and proper.

8 Dated: February 19, 2010

9

10

MICHELLE B. HEVERLY
11                 BLAIRE A. CLEVELAND
                  LITTLER MENDELSON
12                 A Professional Corporation
                  Attorneys for Defendants
13                 INFOSYS TECHNOLOGIES LIMITED,
                  MAHESH PRAKASH KINHIKAR, AND
14                 PRASITA KUTTY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  6.                             Case No. RG09486022

**AFFIRMATIVE DEFENSES**

1    **PROMILA AWASTHI v. INFOSYS TECHNOLOGIES, INC., et al.**

2    **Alameda County Superior Court**

3    **Case No. RG09486022**

4    **MAHESH PRAKASH KINHIKAR'S AFFIRMATIVE DEFENSES**

5    AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

6    AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

7    Mahesh Prakash Kinhikar alleges:

8    That Plaintiff's Complaint fails to state a claim upon which relief may be granted,

9    including but not limited to any claim for general, special or punitive damages, injunctive relief, or

10   attorneys' fees or costs.

11   AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO

12   EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

13   Defendant Mahesh Prakash Kinhikar alleges:

14   That the Complaint and each cause of action alleged therein are barred by the

15   applicable statutes of limitations, including, but not limited to California Government Code sections

16   12960 and 12965, and California Code of Civil Procedure sections 335.1, 337, 339, and 340.

17   AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

18   AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

19   Mahesh Prakash Kinhikar alleges:

20   That each claim for relief contained therein is barred by Plaintiff's failure to timely or

21   properly exhaust her administrative remedies.  California Government Code § 12960, etc.

22   AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

23   EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

24   Defendant Mahesh Prakash Kinhikar alleges:

25   That some or all of Plaintiff's claims are barred by Plaintiff's consent to and/or

26   voluntary participation in all or some of the acts alleged, or conduct similar thereto.

27   / / /

28   / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. RG09486022

**AFFIRMATIVE DEFENSES**

1   AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH
2   AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant
3   Mahesh Prakash Kinhikar alleges:

4   That Plaintiff's Complaint and each of its causes of action are barred because the
5   employment relationship between Plaintiff and Defendant expressly provided for arbitration of all
6   disputes resulting from Plaintiff's employment with Defendant, and Plaintiff failed to avail herself of
7   mandatory arbitration.

8   AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH
9   AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant
10  Mahesh Prakash Kinhikar alleges:

11  That Plaintiff's Complaint and each of its causes of action are barred because any and
12  all employment decisions made with regard to Plaintiff were made without malice, in good faith and
13  motivated by legitimate, non-retaliatory, non-discriminatory reasons and/or as a result of business
14  necessity.

15  AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
16  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Mahesh
17  Prakash Kinhikar alleges:

18  That to the extent that Plaintiff is seeking mental or emotional distress damages, such
19  damages are preempted by the exclusive remedy provisions of the California Workers'
20  Compensation Act.

21  AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
22  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Infosys
23  Mahesh Prakash Kinhikar alleges:

24  That Plaintiff could have, by her diligence, taken action which would have mitigated
25  her damages, and she had an affirmative duty to do so, which was breached by Plaintiff's failure to
26  find other employment and/or take other action upon the cessation of her employment with Infosys.
27  / / /
28  / / /

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

2.                                          Case No. RG09486022

AFFIRMATIVE DEFENSES

1  AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH
2  CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Mahesh Prakash
3  Kinhikar alleges:

4  That Plaintiff failed to avail herself of complaint procedures promulgated and
5  communicated by Infosys, and if she had availed herself of the complaint procedures, she could have
6  reasonably avoided any allegedly adverse consequences.

7  AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
8  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Mahesh
9  Prakash Kinhikar alleges:

10  That all damages Plaintiff has suffered are wholly or in part the result of her own
11  actions, or the actions of other individuals not the answering Defendant.

12  AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
13  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Mahesh
14  Prakash Kinhikar alleges:

15  That each and every act done or statement made by Defendant with regard to, or in
16  any way related to, Plaintiff was privileged as a good faith assertion of Defendant's legal rights.

17  AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
18  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Mahesh
19  Prakash Kinhikar alleges:

20  That at all times relevant, Defendant Infosys Technologies Limited promulgated an
21  anti-discrimination and anti-harassment policy and complaint procedure which were communicated
22  to Plaintiff, and Defendant Infosys Technologies Limited exercised reasonable care to prevent and
23  correct promptly any inappropriate conduct.

24  AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE
25  TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant
26  Mahesh Prakash Kinhikar alleges:

27  That Plaintiff's work conditions were not so intolerable or aggravated at the time of
28  Plaintiff's resignation that a reasonable employer would have realized that a reasonable person in

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

3.                                          Case No. RG09486022

1    Plaintiff's position would be compelled to resign.

2    AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE
3 TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant
4 Mahesh Prakash Kinhikar alleges:

5    That the actions about which Plaintiff complains were ordinary workplace
6 interactions, and therefore cannot form the basis of individual liability for this Defendant.

7

8    Defendant Mahesh Prakash Kinhikar does not presently know all facts respecting the
9 conduct of Plaintiff sufficient to state all affirmative defenses at this time.  Defendant Mahesh
10 Prakash Kinhikar reserves the right to amend this Answer should he later discover facts
11 demonstrating the existence of additional affirmative defenses.

12    WHEREFORE, Defendant Mahesh Prakash Kinhikar seeks judgment against Plaintiff
13 as follows:

14    1.    For an order dismissing Plaintiff's claims with prejudice, and entering
15 judgment in favor of Defendants and against Plaintiff;

16    2.    For all reasonable costs and attorneys' fees incurred by Defendant in
17 connection with the defense of this matter; and

18    3.    For such other and further relief as the Court in the exercise of its discretion
19 deems just and proper.

20 Dated: February 19, 2010

21
22
23    MICHELLE B. HEVERLY
   BLAIRE A. CLEVELAND
24    LITTLER MENDELSON
   A Professional Corporation
25    Attorneys for Defendants
   INFOSYS TECHNOLOGIES LIMITED,
26    MAHESH PRAKASH KINHIKAR, AND
   PRASITA KUTTY
27
28

4.    Case No. RG09486022

**AFFIRMATIVE DEFENSES**

1    **PROMILA AWASTHI v. INFOSYS TECHNOLOGIES, INC., et al.**

2    **Alameda County Superior Court**

3    **Case No. RG09486022**

4    **PRASITA KUTTY'S AFFIRMATIVE DEFENSES**

5    AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

6    AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

7    Prasita Kutty alleges:

8    That Plaintiff's Complaint fails to state a claim upon which relief may be granted,

9    including but not limited to any claim for general, special or punitive damages, injunctive relief, or

10   attorneys' fees or costs.

11   AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO

12   EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

13   Defendant Prasita Kutty alleges:

14   That the Complaint and each cause of action alleged therein are barred by the

15   applicable statutes of limitations, including, but not limited to California Government Code sections

16   12960 and 12965, and California Code of Civil Procedure sections 335.1, 337, 339, and 340.

17   AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

18   AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

19   Prasita Kutty alleges:

20   That each claim for relief contained therein is barred by Plaintiff's failure to timely or

21   properly exhaust her administrative remedies.  California Government Code § 12960, etc.

22   AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

23   EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT,

24   Defendant Prasita Kutty alleges:

25   That some or all of Plaintiff's claims are barred by Plaintiff's consent to and/or

26   voluntary participation in all or some of the acts alleged, or conduct similar thereto.

27   ///

28   ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
10 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. RG09486022

AFFIRMATIVE DEFENSES

1                AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

2  AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

3  Prasita Kutty alleges:

4                That Plaintiff's Complaint and each of its causes of action are barred because the

5  employment relationship between Plaintiff and Defendant expressly provided for arbitration of all

6  disputes resulting from Plaintiff's employment with Defendant, and Plaintiff failed to avail herself of

7  mandatory arbitration.

8                AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

9  AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

10  Prasita Kutty alleges:

11              That Plaintiff's Complaint and each of its causes of action are barred because any and

12  all employment decisions made with regard to Plaintiff were made without malice, in good faith and

13  motivated by legitimate, non-retaliatory, non-discriminatory reasons and/or as a result of business

14  necessity.

15                AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

16  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Prasita

17  Kutty alleges:

18              That to the extent that Plaintiff is seeking mental or emotional distress damages, such

19  damages are preempted by the exclusive remedy provisions of the California Workers'

20  Compensation Act.

21                AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

22  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Infosys

23  Prasita Kutty alleges:

24              That Plaintiff could have, by her diligence, taken action which would have mitigated

25  her damages, and she had an affirmative duty to do so, which was breached by Plaintiff's failure to

26  find other employment and/or take other action upon the cessation of her employment with Infosys.

27  / / /

28  / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
10 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

2.

Case No. RG09486022

**AFFIRMATIVE DEFENSES**

1              AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

2 CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Prasita Kutty

3 alleges:

4              That Plaintiff failed to avail herself of complaint procedures promulgated and

5 communicated by Infosys, and if she had availed herself of the complaint procedures, she could have

6 reasonably avoided any allegedly adverse consequences.

7              AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

8 EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Prasita

9 Kutty alleges:

10              That all damages Plaintiff has suffered are wholly or in part the result of her own

11 actions, or the actions of other individuals not the answering Defendant.

12              AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

13 EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Prasita

14 Kutty alleges:

15              That each and every act done or statement made by Defendant with regard to, or in

16 any way related to, Plaintiff was privileged as a good faith assertion of Defendant's legal rights.

17              AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

18 EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant Prasita

19 Kutty alleges:

20              That at all times relevant, Defendant Infosys Technologies Limited promulgated an

21 anti-discrimination and anti-harassment policy and complaint procedure which were communicated

22 to Plaintiff, and Defendant Infosys Technologies Limited exercised reasonable care to prevent and

23 correct promptly any inappropriate conduct.

24              AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

25 TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Prasita

26 Kutty alleges:

27              That Plaintiff's work conditions were not so intolerable or aggravated at the time of

28 Plaintiff's resignation that a reasonable employer would have realized that a reasonable person in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

3.            Case No. RG09486022

AFFIRMATIVE DEFENSES

1    Plaintiff's position would be compelled to resign.

2             AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

3    TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFFS' COMPLAINT, Defendant Prasita

4    Kutty alleges:

5             That the actions about which Plaintiff complains were ordinary workplace

6    interactions, and therefore cannot form the basis of individual liability for this Defendant.

7

8             Defendant Prasita Kutty does not presently know all facts respecting the conduct of

9    Plaintiff sufficient to state all affirmative defenses at this time. Defendant Prasita Kutty reserves the

10   right to amend this Answer should she later discover facts demonstrating the existence of additional

11   affirmative defenses.

12            WHEREFORE, Defendant Prasita Kutty seeks judgment against Plaintiff as follows:

13            1.      For an order dismissing Plaintiff's claims with prejudice, and entering

14   judgment in favor of Defendants and against Plaintiff;

15            2.      For all reasonable costs and attorneys' fees incurred by Defendant in

16   connection with the defense of this matter; and

17            3.      For such other and further relief as the Court in the exercise of its discretion

18   deems just and proper.

19   Dated: February 19, 2010

20

21                                                  _____

22                                                  MICHELLE B. HEVERLY
                                                    BLAIRE A. CLEVELAND
23                                                  LITTLER MENDELSON
                                                    A Professional Corporation
24                                                  Attorneys for Defendants
                                                    INFOSYS TECHNOLOGIES LIMITED,
25                                                  MAHESH PRAKASH KINHIKAR, AND
                                                    PRASITA KUTTY

26

27

28

                                        4.                              Case No. RG09486022

                                 **AFFIRMATIVE DEFENSES**

1
**PROOF OF SERVICE**

2

3      I am a resident of the State of California, over the age of eighteen years, and not a

4   party to the within action. My business address is 50 W. San Fernando, 15th Floor, San Jose,

5   California 95113.2303. On February 19, 2010, I served the within document(s):

6                **GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

7      ☒      by facsimile transmission on that date. This document was transmitted by using a
                facsimile machine that complies with California Rules of Court Rule 2003(3),
8               telephone number 408.288.5686. The names and facsimile numbers of the
9               person(s) served are as set forth below.

10     ☒      by placing a true copy of the document(s) listed above for collection and mailing
                following the firm's ordinary business practice in a sealed envelope with postage
11              thereon fully prepaid for deposit in the United States mail at San Jose, California
                addressed as set forth below.
12

13
   Steven G. Tidrick                            Telephone: (510) 381-3832
14   The Tidrick Law Firm                        Facsimile: (510) 291-3226
     6114 La Salle Avenue, #500                  sgt@tidricklaw.com
15   Oakland, CA 94611

16     I am readily familiar with the firm's practice of collection and processing

17   correspondence for mailing and for shipping via overnight delivery service. Under that practice it

18   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

19   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

20   thereon fully prepaid in the ordinary course of business.

21     I declare under penalty of perjury under the laws of the State of California that the

22   above is true and correct. Executed on February 19, 2010, at San Jose, California.

23

24                                   Suzanne Barnes
25                                        Suzanne Barnes

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:93652443.1 060893.1007                                     Case No. RG 09486022

PROOF OF SERVICE

Exhibit D

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>STEVEN G. TIDRICK, SBN 224760<br>THE TIDRICK LAW FIRM<br>6114 La Salle Avenue #500<br>Oakland, California 94611<br>ATTORNEY FOR *(name):* Promila Awasthi | TELEPHONE NO.:<br>(510) 381-3832 | FOR COURT USE ONLY |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Administration Building

PLAINTIFF: Promila Awasthi
DEFENDANT: Infosys Technologies Limited et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>RG09486022 |
|---|---|

To *(name of one defendant only):* Infosys Technologies Limited
Plaintiff *(name of one plaintiff only):* Promila Awasthi
seeks damages in the above-entitled action, as follows:

**AMOUNT**

**1. General damages**
a. [✓] Pain, suffering, and inconvenience ............................................... $ *
b. [✓] Emotional distress. ...................................................................... $ *
c. [ ] Loss of consortium ......................................................................... $
d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ...... $
e. [ ] Other *(specify)* ............................................................................. $
f. [ ] Other *(specify)* ............................................................................. $
g. [ ] Continued on Attachment 1.g.

**2. Special damages**
a. [✓] Medical expenses *(to date)* ......................................................... $ *
b. [✓] Future medical expenses *(present value)* ..................................... $ *
c. [✓] Loss of earnings *(to date)* ........................................................... $ *
d. [✓] Loss of future earning capacity *(present value)* .......................... $ *
e. [ ] Property damage ............................................................................ $
f. [ ] Funeral expenses *(wrongful death actions only)* ........................... $
g. [ ] Future contributions *(present value) (wrongful death actions only)* ...... $
h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $
i. [✓] Other *(specify)* unpaid overtime ................................................. $ 21,384.00
j. [✓] Other *(specify)* waiting time penalties ....................................... $ *
k. [✓] Continued on Attachment 2.k.

3. [✓] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ *
when pursuing a judgment in the suit filed against you.

Date: February 1, 2010
STEVEN G. TIDRICK, SBN 224760
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Promila Awasthi v. Infosys Technologies Limited et al. | RG09486022 |

**ATTACHMENT** *(Number):* 2.k        Page  1  of  1 

*(This Attachment may be used with any Judicial Council form.)*     *(Add pages as required)*

2. Special damages (continued)                                    **AMOUNT**

2.k. Attorneys fees and costs...................................................................................    *

\* Plaintiff claims such damages but has not yet completed her investigation of the facts relating to this action, has not yet reviewed all materials relating to this action, and has not yet interviewed or deposed all witnesses in this action. On December 23, 2009, Plaintiff noticed the depositions of several employees of Defendant Infosys Technologies Limited ("Infosys") who may have information relevant to some categories of damages, but Infosys's counsel declined to produce them for depositions as noticed. Infosys's counsel stated: "Our clients are away for the holidays until January 4, 2010. After that time we will confer with our clients and get back to you regarding both the proposed dates and places of the depositions." To date, Infosys's counsel has not yet produced the individuals for depositions or provided the promised information on when and where they may be deposed. Moreover, Plaintiff anticipates that some categories of damages will be the subject of expert testimony. Accordingly, Plaintiff reserves the right to amend and/or supplement her Statement of Damages.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

1  STEVEN G. TIDRICK, SBN 224760
   THE TIDRICK LAW FIRM
2  6114 La Salle Avenue #500
   Oakland, California  94611
3  Telephone:  (510) 381-3832
   Facsimile:  (510) 291-3226
4  E-mail:     sgt@tidricklaw.com

5  Attorney for Plaintiff
   PROMILA AWASTHI
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10                     UNLIMITED JURISDICTION

11

| | |
|---|---|
| PROMILA AWASTHI, | Civil Case Number: RG09486022 |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE GAIL BREWSTER BEREOLA DEPARTMENT 19 |
| v. | |
| INFOSYS TECHNOLOGIES LIMITED, a foreign corporation; MAHESH PRAKASH KINHIKAR; ANMOL SRIVASTAVA; and DOES 1-20, | **PROOF OF SERVICE** |
| Defendants. | |

                              1

1   I, the undersigned, declare as follows:

2      I am employed in the County of Alameda, State of California; I am over the age of
3   eighteen and not a party to the within action; my business address is 6114 La Salle Avenue #500, Oakland, California, 94611, in said County and State.

4      On February 1, 2010, I served the foregoing document(s), described as

5   **STATEMENT OF DAMAGES**

6

7   BY MAIL TO:

8   Infosys Technologies Limited
9   c/o C T Corporation System
  818 West Seventh Street
10   Los Angeles, CA 90017

11
  Michelle Heverly, Esq.
12   Blaire Cleveland, Esq.
  Littler Mendelson P.C.
13   50 West San Fernando St., 15th Floor
  San Jose, CA 95113-2434
14   Facsimile: (408) 998-4150

15

16

17 ☑   <u>BY MAIL</u>: I placed such document(s) in a sealed envelope addressed as indicated above,
18   on the above-mentioned date. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, an envelope containing
19   the foregoing document would be deposited with the U.S. Postal Service with postage thereon fully prepaid, at Oakland, California, on that same day in the ordinary course of
20   business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for
21   mailing in affidavit.

22

23 ☐   <u>BY PERSONAL DELIVERY</u>: I caused such document(s) to be delivered by hand in sealed envelope(s) addressed to the address(es) indicated.
24

25 ☐   <u>BY FACSIMILE</u>: From facsimile machine telephone number (510) 291-3226, on the above-mentioned date, I served such document(s) by facsimile transmission to the
26   person(s) at the number(s) indicated.

27

28

                2

1  ☐   BY FEDERAL EXPRESS NEXT DAY AIR: I placed such document(s) in a sealed
2      envelope addressed as indicated above, on the above-mentioned date. I am familiar
       with the firm's practice of collection and processing correspondence for delivery by
3      Federal Express. Pursuant to that practice, envelopes placed for collection at
       designated locations during designated hours are delivered to Federal Express with a
4      fully completed airbill, under which all delivery charges are paid by The Tidrick Law
       Firm, that same day in the ordinary course of business.
5

6  ☑   (STATE)      I declare that I am employed in the office of a member of the Bar of
                    this Court at whose direction the service was made. I declare under
7                   penalty of perjury under the laws of the State of California that the
                    above is true and correct and that the foregoing document(s) were
8                   printed on recycled paper.

9  ☐   (FEDERAL)    I declare that I am employed in the office of a member of the Bar of
                    this Court at whose direction the service was made. I declare under
10                  penalty of perjury under the laws of the United States of America that
                    the above is true and correct.
11

12     Executed on February 1, 2010, at Oakland, California

13

14

15

16                              STEVEN G. TIDRICK (SBN 224760)

17

18

19

20

21

22

23

24

25

26

27

28
                                        3
                                 PROOF OF SERVICE

Exhibit E

From: Steve Tidrick [mailto:sgt@tidricklaw.com]
Sent: Thursday, February 11, 2010 2:33 PM
To: Heverly, Michelle B.
Cc: Cleveland, Blaire A.
Subject: RE: Awasthi v. Infosys Technologies Limited et al., RG09486022

Michelle:

We will serve an amended statement of damages.  In the meantime, we stipulate that
Plaintiff claims damages significantly in excess of $75,000, which may or not be a
relevant benchmark in this matter.

Very truly yours,

Steven G. Tidrick, Esq.
The Tidrick Law Firm
510-381-3832 (phone)
510-291-3226 (fax)
sgt@tidricklaw.com
www.tidricklaw.com

-----Original Message-----
From: Heverly, Michelle B. [mailto:MHeverly@littler.com]
Sent: Tuesday, February 09, 2010 9:06 AM
To: Steve Tidrick
Cc: Cleveland, Blaire A.
Subject: Awasthi v. Infosys Technologies Limited et al., RG09486022


Steve -

Thank you for responding to our request for statement of damages.
Unfortunately, however, the statement is woefully incomplete, as it does not identify any
damages other than the overtime amounts claimed.  I understand that you may not be able to
provide a precise estimate at this time, and further understand that you may have to amend
at a later date, but you should be able to estimate the amount of lost wages that your
client has from the time of her termination until the date of the statement.  Likewise,
you should be able to identify the amount of attorneys' fees claimed to date and the
amount of medical expenses incurred by your client as of the date of the statement.

Please revise the statement of damages as soon as possible to include all items currently
ascertainable.  And, in the meantime, can you confirm
whether your client has mitigated her damages in any way?   We are trying to
ascertain the value of the case and it would certainly make a difference to know whether
she is still unemployed, whether she has fully mitigated (and as of what date) or whether
she has only partially mitigated.

Thanks for your continued professionalism.

Michelle

Michelle Heverly, Shareholder
408.795.3406 direct   408.981.1194 mobile    408.288.5686 fax
mheverly@littler.com

1

50 West San Fernando Street, 15th Floor | San Jose, CA 95113-2434

Littler Mendelson | littler.com
Employment & Labor Law Solutions Worldwide


----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S.
federal tax advice contained in this document (including any
attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is strictly
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com