UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROMILA AWASTHI,

        Plaintiff,

    v.

INFOSYS TECHNOLOGIES LIMITED, ET. AL.,

        Defendants.
_____/

No. C-10-0783 JCS

**ORDER TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

**(Docket No. 12)**

## I. INTRODUCTION

Plaintiff Promila Awasthi (hereafter "Plaintiff") brings the present motion to remand the case to Alameda Superior Court for lack of subject matter jurisdiction. The Court finds the motion suitable for determination without oral argument pursuant to Civil Rule 7-1(b). Accordingly, the hearing scheduled for May 28, 2010 at 1:30 p.m is hereby **VACATED**. For the reasons stated below, the Plaintiff's motion to remand is GRANTED.

## II. BACKGROUND

### A. Factual Background and Procedural History

On November 23, 2009, Plaintiff, a resident of Santa Clara County, California and former employee of Infosys Technologies Limited (hereafter "Infosys"), filed an action in Alameda County Superior Court (hereafter "Complaint") alleging five causes of action against her former employers: 1) National origin/ancestry, gender, age, and religious discrimination in violation of the California Fair Employment and Housing Act; 2) failure to pay overtime; 3) constructive discharge; 4) intentional infliction of emotional distress; and 5) breach of the implied covenant of good faith and

fair dealing. The original Complaint named as Defendants Infosys, and Plaintiff's supervisors at Infosys, Mahesh Prakash Kinhikar and Anmol Srivastava.

Thereafter, on December 24, 2009, Plaintiff filed a First Amended Complaint (hereafter "FAC"), which added a cause of action for "waiting time penalties" under the California Labor Code, and also added a defendant, Prasita Kutty, an employee of Infosys in the Human Resources department.

In the First Amended Complaint, Plaintiff alleges that she was regularly required to perform overtime during nights and weekends but was not paid overtime as required by California law. In addition, Plaintiff alleges that while working for Infosys, an Indian Company, she was routinely harassed by management and "Indian Nationals" on the basis of her being an American of Indian ancestry and on account of her gender. FAC ¶ 1. Plaintiff alleges that she was routinely disparaged for not having Indian "family values" and mocked for celebrating American holidays, such as Christmas and Thanksgiving. *Id.* As a result of this discrimination, Plaintiff alleges, she was required to work on Thanksgiving day because she is Indian and, according to Infosys management, she must therefore work on holidays such as Christmas and Thanksgiving. *Id.* She also alleges that her children were ridiculed by management, who used slurs intended to insult people of Indian ancestry who are "Americanized" to describe Plaintiff's children. *Id.* Plaintiff also alleges that she was discriminated against on the basis of her gender. *Id.* As a result of the "intolerable" working conditions, Plaintiff alleges that she was forced to quit her job at Infosys. *Id.* Thereafter, "even after Plaintiff was forced to resign" the harassment, humiliation and discrimination continued. *Id.* ¶ 45. Plaintiff alleges that her supervisors demanded that she come to work even after she had resigned, and that Defendant Kutty "insisted on speaking with Plaintiff on Thanksgiving Day regarding the termination of Plaintiff's employment, and made false statements about the circumstances surrounding the termination of Plaintiff's employment, with the intent to inflict mental anguish, humiliation, and emotional and physical distress." *Id.*

On January 8, 2010, Defendant Infosys was personally served with a copy of the First Amended Complaint. Notice of Removal, Docket No. 1, ¶ 3. Defendant Mahesh Prakash Kinhikar

2

was served on January 8, 2010. *Id*. at ¶ 4. At the time of the filing of the Notice of Removal, Defendant Anmol Srivastava had not been served with the First Amended Complaint. *Id.* at ¶ 5. Defendants filed an answer in Alameda County Superior Court on February 19, 2010. *See* Docket No. 1, Exh. C (Answer). According to the Notice of Removal, Defendants filed a timely notice "within thirty days of February 11, 2010, the date Defendants became aware that the action was removable." Docket No. 1, ¶ 8. The Notice of Removal alleges diversity of citizenship among all parties. Specifically, in the Notice of Removal, Defendants state that "Plaintiff Promila Awasthi . . . is a citizen of the United States" and Defendants Infosys, Kinhikar, Srivastava and Kutty are all citizens of India. *Id*. at ¶¶ 11-17. In addition, the Notice of Removal claims that the amount in controversy exceeds $75,000. *Id.* In the Notice of Removal, Defendants cite to Plaintiff's prayer for relief (seeking to recover damages of at least $21,384) as well as the "Statement of Damages" provided to the Defendants indicating that Plaintiff had suffered pain, suffering, inconvenience, emotional distress, medical expenses, lost earnings and waiting time penalties above and beyond the $23,384 in overtime damages. Docket No. 1, ¶ 23, Exh. D.

### III. LEGAL STANDARD

#### A. Removal Jurisdiction

Pursuant to 28 U.S.C. §1441(a), a defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court.[1] 28 U.S.C. §1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As federal courts have limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981). The burden of establishing subject matter jurisdiction rests with the party seeking removal. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S.

---

[1] Title 28 U.S.C. §1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

375, 377 (1994). Removal statutes are to be strictly construed and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

The Court may remand an action to state court for lack of subject matter jurisdiction or for any defect in the removal procedure. *See* 28 U.S.C. §1447(c); *Tengler v. Spare*, No. C-95-33421 SI, 1995 WL 705142, at *2 (N.D. Cal. Nov. 15, 1995). Remand may be ordered *sua sponte* or upon a party's motion. *Tengler*, 1995 WL 705142, at *2. The Court may remand for lack of subject matter jurisdiction at any time. *Id. See also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

### B. Diversity Jurisdiction Under Section 1332

In the federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity of citizenship" when the amount in controversy exceeds $75,000. *See Caterpillar*, 482 U.S. at 392; 28 U.S.C. §§ 1331-32. Here, Defendants allege that removal is proper because diversity jurisdiction exists. *See* Docket No. 1; Notice of Removal. Defendants do not allege federal question jurisdiction. Consequently, the Court's jurisdiction over the action turns on whether or not all parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

### IV. ANALYSIS

Plaintiff's remand motion is premised on four main arguments, two procedural arguments and two substantive. The procedural arguments are, first, that Defendants' Notice of Removal was untimely and second, that Defendants' effort to maintain diversity – by arguing that the non-diverse defendant is a sham defendant – is time-barred. As to the substantive arguments, Plaintiff argues that there is a lack of diversity in this case, given that both Plaintiff and one of the Defendants are domiciled in California and second, that even if their argument is not time-barred, Defendants have failed to meet their burden of establishing that Defendant Kutta was fraudulently joined.

The Court concludes that Defendants' notice of removal was untimely in this case, and further finds that the removal in this case is barred by the operation of § 1332 in that Defendants failed to establish complete diversity of citizenship. Moreover, the Court finds that Defendants'

4

arguments regarding the non-diverse Defendant's status as a "sham" defendant are untimely. Finally, even if the Court were to consider the untimely argument of Defendants, the Court would conclude that Defendants have failed to meet their heavy burden of establishing fraudulent joinder in this case. There is no basis for federal jurisdiction and the case must be remanded to state court. The Court will first address Plaintiff's two procedural arguments, then proceed to the substantive arguments.

### A.   Timeliness Under 28 U.S.C. § 1446(b)

In order to remove a case filed in state court to federal court, defendants are required to file a notice of removal within the 30-day time limit set forth in 28 U.S.C. § 1446(b). The 30-day removal period begins to run upon defendant's receipt of a "paper from which it may first be ascertained that the case is removable." The 30-day time limit runs for all defendants from the date the first defendant is on notice that the case is removable to federal court, so long as the first-served defendant was not fraudulently joined. *See e.g.*, *United Computer Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (explaining that the "first-served rule has apparently been adopted by the majority of the courts that have addressed the issue" but concluding that first-served defendant was sham defendant thus declining to apply "first-served" rule); *see also McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223, 1226-28 (C.D.Cal. 2000) (collecting cases on majority "first-served" rule and minority "last-served" rule under § 1446(b) and adopting majority position).

The Court finds that the Defendants' removal was untimely in this case and is thus procedurally defective. Defendants argue that they were not on notice of the amount in controversy until February 11, 2009, when they received an email confirmation from Plaintiff's counsel that the amount exceeded $75,000. The Court is not persuaded by this argument. First, although Defendants are correct that the only specific amount of damages recited in the Complaint is for unpaid overtime in the amount of $21,384, the original Complaint clearly sought back pay, front pay, civil penalties under Labor Code § 2699, general damages, attorneys' fees and costs, and punitive damages. *See* Docket No. 1, Complaint at 11. In addition, the Complaint alleges: "Pursuant to Plaintiff's employment contract with Infosys, Infosys was to pay Plaintiff at the rate of $89,005 per annum, and thus at a regular rate of pay of $42.79 per hour." *Id.* at 29. It is clear that "[i]ncluded in the amount

5

in controversy are claims for special and general damages, attorneys' fees (if applicable) and punitive damages." *See Lippold v. Godiva Choclatier, Inc.*, C-10-00421, 2010 WL 1526441 *1 (N.D. Cal. Apr. 15, 2010) (citations omitted). The Court concludes that the Complaint sufficiently placed Defendants on notice that the amount in controversy exceeded $75,000.

Moreover, even if the Complaint were not sufficient to place Defendants on notice that the amount in controversy exceeded $75,000, the Court finds that surely by December 23, 2009, Defendant Infosys was on notice when defense counsel received a settlement offer from Plaintiff's counsel in the amount of $1.8 million dollars. *See Cohn v. Petsmart,* 281 F.3d 837, 840 (9th Cir. 2002) (although not dispositive, settlement demand letter is relevant evidence of amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim").[2] Accordingly, even if the Court were to accept Defendants' argument that the Complaint was unclear whether the amount in controversy exceeded the minimum limit, the allegations of the Complaint coupled with the subsequent settlement demand letter were sufficient to place Defendants on notice that the case exceeded $75,000. Defendants' removal on February 24, 2010 was past the 30-day deadline for removal and was thus untimely.

### B.   Allegations of Fraudulent Joinder are Untimely

The Court concludes that Defendants' argument that the non-diverse Defendant is a "sham defendant" is time-barred. Allegations of fraudulent joinder constitute a substantive basis for removal and must be raised before the 30-day deadline of removal expires. *Dean Witter Reynolds, Inc. v. Swett & Crawford*, 1992 U.S. Dist. LEXIS 20093, at *2-3 (N.D. Cal. Dec. 23, 1992) (fraudulent joinder theory not raised in removal notice are time-barred when raised for first time in opposition to motion to remand); *Cohen v. GTE Gov't. Syss. Corp.*, 1993 U.S. Dist. LEXIS 7914, at

---

[2] Although Defendants are correct that settlement demand letters may contain inaccurate or inflated assessments of damages, *see e.g., Syed Nawab v. Markel Ins. Co*., 2009 U.S. Dist. LEXIS 105630 (N.D. Cal. 2009) (". . .the settlement value claimed in such letters may not reflect the precise value of the claim"), they are properly relied upon by courts as evidence of the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The settlement demand letter here, coupled with the allegations of the Complaint seeking several types of damages and fees – general damages, statutory damages, attorney's fees and punitive damages in addition to the specified lost overtime pay – were more than sufficient to place Defendants on notice that the amount in controversy exceeded the minimum level, $75,000.

6

\*4-5 (N.D. Cal., Apr. 6, 1993) (same); *Tincher v. Ins. Co. of State of Penn.*, 268 F. Supp. 2d 666 (E.D. Va. 2003) (same).  The law is clear that amendments to a removal notice after the 30-day deadline for removal cannot add a new substantive basis for removal.  *See ARCO Envtl. Remediation, L.L.C. v Dep't of Health and Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (after thirty-day period, notice of removal cannot be amended to add new basis for removal); *O'Halloran v. University of Washington,* 856 F.2d 1375, 1381 (9th Cir. 1988) (same).

In *Dean Witter, supra*, the plaintiffs filed suit in San Francisco Superior Court and defendants removed to federal court.  The notice of removal alleged diversity of citizenship as the basis for federal court jurisdiction; the notice contained no mention of fraudulent joinder.  *Id.* at \*1.  Plaintiffs moved to remand the case on the ground that based upon one of the defendant's citizenship, there was a lack of complete diversity to support federal jurisdiction.  *Id.* at \*2.  As in the present case, Defendants in *Dean Witter*, opposed plaintiffs' motion for remand on the grounds that the non-diverse defendant had been fraudulently joined.  *Id.* at \*2.  The district court explained:

> Whatever the merit of this [fraudulent joinder] argument, this court will not consider it, as its duty is to look only at the notice of removal itself. Moreover, after the thirty day period to file a notice has expired, "the removal petition cannot be . . . amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969). Defendant's theory of fraudulent joinder is now raised well after the thirty day period in which to file and constitutes just such an "allegation of substance." Consequently, this court will neither consider the fraudulent joinder theory nor grant defendant leave to amend its notice of removal in order to include this theory. Thus, this action stands before this court with only one basis for jurisdiction -- diversity. This court finds that plaintiff Dean Witter and defendant Bowes of New York are, for diversity purposes, both subsisting corporate citizens of New York and thus diversity jurisdiction does not exist.

*Dean Witter Reynolds, Inc.*, 1992 U.S. Dist. LEXIS 20093 at \*3-4.  The court remanded the case to state court.  The court also awarded attorneys' fees to the plaintiff, explaining that the fact that the non-diverse defendant, a corporation, "was still on the rolls of the subsisting with the New York Secretary of State is evidence tending to prove that the removal was made in bad faith, or was at least made without the most basic of investigations." *Id.* at \*4.[3]

---

[3]Plaintiff makes no request for attorneys' fees; accordingly, the Court does not consider it here.

7

1   Even if Defendants in the present case were correct that the thirty-day deadline began to run
2   on February 11, 2009 (the date on which they received an email from Plaintiff's counsel specifying
3   that the damages exceeded $75,000), the Defendants' arguments in opposition to the present remand
4   motion regarding fraudulent joinder are beyond the thirty day time limit and will not be considered
5   by this Court.  As in *Dean Witter, supra*, Defendants' "fraudulent joinder" or "sham defendant"
6   arguments are untimely.  The Court declines to consider Defendants' argument that Defendant Kutty
7   is a sham defendant.  Accordingly, as explained further below, there is not complete diversity of
8   citizenship in this case and the case must be remanded.

### C.   Defendant Prasita Kutty is Not a Sham Defendant

Even if the Court were to consider Defendants' untimely argument regarding fraudulent joinder, the Court would nevertheless conclude that Defendants have not met their difficult burden of establishing that Defendant Prasita Kutty was fraudulently joined by Plaintiff in this case.

"A party is only deemed to have been 'joined fraudulently' if after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Mohammed v. Watson Pharmaceuticals, Inc.*, 2009 WL 857517 *5-6 (C.D. Cal., March 26, 2009).  Defendants must demonstrate that there is no possible way that Plaintiff could prevail against Defendant Kutty. Although Defendants have made strong arguments that the claims against Defendant Kutty as currently pled might be defective, the Court is not convinced that "plaintiff could not possibly recover" against Defendant Kutty.  *Id*.  The law is clear that this Court may not "pretry substantive factual issues in order to answer the discrete threshold question of whether . . . joinder of [a] defendant is fraudulent."  *Id*. (citations omitted).  Further, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc*., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001) (citing *Nishimoto v. Federman-Bachrach & Assoc*., 903 F.2d 709, 712 n. 3 (9th Cir. 1990).

Defendants argue that Plaintiff does not have a viable claim against Defendant Kutty because no claim for IIED may proceed against personnel management where the allegations relate to

8

"personnel management activity" such as hiring and firing. Opp. at 6 (citing *Fusco v. Sonoma County Junior College*, 2010 WL 373795 (N.D.Cal., January 29, 2010) (granting motion to dismiss after having provided plaintiff one opportunity to amend). Because Plaintiff's allegations against Defendant Kutty relate to her conduct regarding processing Plaintiff's separation of employment from Infosys, Defendants argue that Plaintiff may not proceed with an intentional infliction of emotional distress claim against Kutty. Opp. at 6. Further, Defendants argue that Plaintiff has not stated a valid claim for intentional infliction of emotional distress because no extreme or outrageous conduct has been alleged. *Id.* at 7. Defendants also allege that Defendant's Kutty's actions were privileged pursuant to California Civil Code § 47(c).

Plaintiff responds that Defendant Kutty's actions were malicious, demeaning, outrageous and arose from an atmosphere of discrimination and harassment at Infosys. Reply at 8 (*citing De Ruiz v. Courtyard Mgt. Corp.*, 2006 WL 2053505, at *4-5 (N.D. Cal. July 21, 2006) (finding that plaintiff's supervisor was not a "sham defendant" in similar case and granting plaintiff's motion to remand).[4] In *De Ruiz*, Judge Alsup explained in an order granting plaintiff's motion to remand that "[b]ehavior may be considered outrageous, [and sufficient to state an IIED claim,] if a defendant abuses a relation or position which gives him power to damage the plaintiff's interest." *Id.* at (*citing Agarwal v. Johnson*, 25 Cal.3d 932, 946 (1979) (addition in original)). Here, the alleged discriminatory conduct of Defendant Kutty occurred two weeks after Plaintiff's separation, but at a time when wages were still due and unpaid in violation of California Labor Code § 203. Reply at 9 (*citing* Declaration of Promila Awasthi at ¶ ¶ 12-13). With respect to Defendant's privilege arguments, the Court finds that those arguments are better addressed on a motion to dismiss. It is

---

[4] Plaintiff has submitted three declarations in support of her argument that the claims against Defendant Kutty have merit. *See* Declarations of Promila Awasthi, Plaintiff's psychotherapist, David Akillian, MFCC, and an expert in South Asian culture, Professor Bruce La Brack. *See* Docket No. 12. Defendants raise numerous evidentiary objections to these declarations. Docket No. 15. The Court need not address Defendants' argument because the Court finds that it need not rely upon these declarations in order to conclude that Plaintiff may proceed with her claims against Defendant Kutty. The Court notes, however, that "fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001) (citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (citations omitted)).

9

not clear from the parties' submissions whether the privilege applies. All ambiguities must be construed in favor of Plaintiff in a fraudulent joinder analysis.

Plaintiff at least has the possibility of recovering against Defendant Kutty for intentional infliction of emotional distress. The Court notes that the cases cited by Defendants for the proposition that no claim could possibly proceed against Defendant Kutty are cases in which the district court provided Plaintiffs opportunities to amend their complaints. Considering the strong presumption against finding fraudulent joinder, the Court will not, at this stage of the proceedings, find that there is no possibility that Plaintiff could recover against forum Defendant Kutty. As a result, even if the Court were to consider Defendants' time-barred fraudulent joinder argument, the Court is not convinced that fraudulent joinder would provide a basis on which to deny Plaintiff's motion to remand.

### D. There is No Complete Diversity in this Case

Defendants apparently concede that there is incomplete diversity in this case, despite their Notice of Removal's claim of complete diversity of citizenship. Instead, as discussed above, Defendants argue that the sole non-diverse defendant, Prasita Kutta, is a sham defendant and should not be considered for purposes of diversity in this case. The Court has rejected that argument. Accordingly, the Court concludes that there is not complete diversity under 28 U.S.C. § 1332 and the case must be remanded to state court.

28 U.S.C. § 1332 provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between --
> (1) Citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
> For the purposes of this section, section 1335, and section 1441, *an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled*.

28 U.S.C. § 1332(a) (emphasis added). Sections 1332 and 1441 (removal jurisdiction) are the statutory provisions set forth in Defendants' Notice of Removal. *See* Docket No. 1, at 2, 6. The law is clear that if a foreign citizen has permanent resident status or is a dual citizen, he or she is deemed

10

a citizen of his or her state of domicile for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Steiner v. Atochem, S.A.*, 70 Fed.Appx. 599, 600 (2d Cir. 2003) (permanent resident status); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. Cal. 1992) (dual citizenship). In addition, removal jurisdiction requires complete diversity both at the time of commencement of the action at the time of removal; both must be alleged in the notice of removal. *See e.g., Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985) (citing "long line of cases" holding that diversity of citizenship must be alleged both at time of filing in state court and at time of removal) (citations omitted); *United Food Local 919 v. Centermark Properties*, 30 F.3d 298, 301 (2d Cir. 1994) ("where basis of removal is diversity then diversity of citizenship must exist at time action was filed in state court as well as at time of removal") (*citing* 14A Wright & Miller § 3723, at 311-12 ).

Defendants' Notice of Removal states that all defendants are citizens of India. There is no mention of Defendant Kutty's status as a resident alien of the United States in the removal notice. *See* Docket 1 at 2, 6. After Plaintiff's counsel sought proof of facts supporting removal jurisdiction, Defendants' counsel conceded that one of the defendants, Prasita Kutty, "did have a permanent residency card, or 'green card,' and was admittedly domiciled in California," both "[a]t the time Plaintiff's Complaint was filed, and at the time the case was removed." *See* Tidrick Decl., ¶ 6 & Ex. B, at 2.

In the present case, there is no dispute that Plaintiff is a resident of California, and one of the Defendants, Prasita Kutty is domiciled in California. The only way for Defendants to maintain this action in federal court would be to succeed in arguing that the non-diverse defendant, Kutty, was fraudulently joined. For the reasons explained above, the Court has found that Defendants' untimely argument fails as a procedural matter and would also fail on the merits. There is not complete diversity of citizenship, and the case must be remanded to state court.

**V.     CONCLUSION**

For the reasons discussed above, removal to the District Court was improper as the Court lacks subject matter jurisdiction over Plaintiff's Complaint. Accordingly, the Court remands this action to the Alameda County Superior Court. Pursuant to 28 U.S.C. §1447(c), the Clerk of the

11

Court is directed to mail to the Clerk of the Alameda County Superior Court a copy of the order of remand.

IT IS SO ORDERED.

Dated: May 21, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge